PEOPLE *ex rel.* FIREMEN'S INS. CO. *v.* JUSTICES OF THE CITY COURT OF NEW YORK.

*(Common Pleas of New York City and County, Special Term.* September 29, 1890.)

WRITS—SERVICE ON FOREIGN CORPORATION—CITY COURT OF NEW YORK.

Code Civil Proc. N. Y. § 315, subd. 1, gives the city court of New York jurisdiction of actions against foreign corporations. Laws N. Y. 1884, p. 420, § 1, provides that the summons in an action against a foreign insurance company shall be served on the superintendent of insurance. *Held,* that the summons in an action against a foreign insurance company, brought in the city court of New York, may be served on the superintendent of insurance at his office in the city of Albany, though no express provision is made for the service without the city of New York of a summons issued from the city court.

Morris Schrier and others sued the Firemen's Insurance Company of Baltimore, a foreign corporation, in the city court of New York. The summons was served on the superintendent at his office in Albany. Defendant moved to set aside the service, which motion was denied by McADAM, C. J., on September 24, 1890. Defendant now asks for a writ of prohibition to the justices of the city court. Code Civil Proc. N. Y. § 315, subd. 1, provides that the city court of New York shall have jurisdiction of "an action against a natural person or a foreign or domestic corporation, where the complaint demands judgment for a sum of money only, or to recover one or more chattels with or without damages for the taking or detention thereof."

*D. Leventritt,* for plaintiffs. *Benno Loewy,* for defendant.

DALY, J. Ordinarily, a summons in an action in the city court of New York cannot be served without the city of New York, but an exception was evidently intended by the legislature in the case of actions against foreign insurance corporations; for the city court is given jurisdiction of such actions, and the legislature has provided that process against such corporations may be served upon the superintendent of insurance. Laws 1884, p. 420, § 1. This officer has his office in Albany, and there the process must be served upon him. We must conclude, therefore, the legislature intended city court process to be served upon him there, or else that the jurisdiction of the city court over actions against such company should be taken away. The former is the more reasonable view, as it will be borne out by reading the statute of 1884 and the Code together, as if enacted at the same time, and this will show an exception to the general provisions of the Code in the cases provided for in the statute. The city court, therefore, properly decided to entertain the action. Application denied.