In the Matter of the Designation of EUGENE M. TRAVIS, as a Candidate for the Republican Party Nomination for the Office of Comptroller, etc.

JOHN KISSEL, Contestant, Respondent; EUGENE M. TRAVIS, and Others, Appellants.

Second Department, August 23, 1918.

**Acknowledgment — filing papers with Secretary of State — authentication of notary's certificate unnecessary.**

Where papers are filed with the Secretary of State no authentication by the county clerk of the notary's certificate is required.

APPEAL by Eugene M. Travis and others from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of Kings county on the 22d day of August, 1918, striking the name of said Eugene M. Travis from the primary ballot.

*A. S. Gilbert, Nathan L. Miller, John G. Saxe* and *Samuel A. Berger,* for the appellants.

*Louis J. Altkrug,* opposed.

THOMAS, J.:

I vote to reverse upon the ground that the office of the Secretary of State is common to the State, and is not limited to the county of Albany; and that when the Secretary of State receives a petition, his function and act are not confined

within the county of Albany, but operate and extend through the whole State. Hence no authentication by the county clerk of the notary's certificate is required, nor has it been practiced or regarded as necessary in filing papers with the Secretary of State where certification by a notary public or similar officer is demanded. If the verification of the petition be regarded as an acknowledgment, still no further form seems to be required either for that, or for a declination by the person designated, or for filling a vacancy. (Election Law [Consol. Laws, chap. 17; Laws of 1909, chap. 22], §§ 50, 52.)*

Putnam, J., concurred.

Jenks, P. J. (concurring):

The Secretary of State is a State officer. (Pub. Off. Law, § 2.)† A notary is a public officer of the State. (*People* v. *Rathbone*, 145 N. Y. 437.) Much force must be given to the practical construction that has obtained heretofore. (*Easton* v. *Pickersgill*, 55 N. Y. 315.)

Mills, J., concurred with Thomas, J., and also voted to reverse upon the following grounds: *First*, that the term " acknowledgment " in section 48 of the Election Law * is not there used in the same sense as that term is used in sections 10 and 11 of the General Construction Law; and, *second*, that the Election Law provides a distinct and detailed course of procedure which does not require authentication before filing.

Jaycox, J. (concurring):

I am firmly of opinion that section 11 of the General Construction Law (Consol. Laws, chap. 22; Laws of 1909, chap. 27) does not require a clerk's certification to any paper to be filed in the office of the Secretary of State. In my opinion the language of section 11 of the General Construction Law is met by the provisions of section 306 of the Real Property Law

---

* See Consol. Laws, chap. 17 (Laws of 1909, chap. 22), § 48, added by Laws of 1911, chap. 891, as amd. by Laws of 1917, chaps. 703, 723, 778; Id. §§ 50, 52, added by Laws of 1911, chap. 891, as amd. by Laws of 1913, chap. 820 — [Rep.

† See Consol. Laws, chap. 47 (Laws of 1909, chap. 51), § 2.— [Rep.

(Consol. Laws, chap. 50; Laws of 1909, chap. 52), which prescribes the contents of a certificate of acknowledgment or proof of a deed entitled to be recorded in a county clerk's office. The terms " certified " and " proof," used in section 11 of the General Construction Law, have no relation to an authentication by a county clerk. The distinction between a certificate and an authentication is clearly preserved in the Real Property Law. (See §§ 306, 310, 312; Laws of 1911, chap. 196, amdg. said § 310.) The certificate is made by the notary public, and the authentication is made by the county clerk, and there is no requirement of an authentication contained in section 11 of the General Construction Law.

Order reversed, without costs.