MARY C. O'KEEFFE, Respondent, *v.* J. FRED DUGAN, as Acting Town Clerk of the Town of Riverhead, Suffolk County, N. Y., and HERBERT S. SISSON, as State Commissioner of Excise, Defendants.

ROBERT P. GRIFFING and Others, Intervenors, Appellants.

Second Department, November 4, 1918.

**Intoxicating liquors — Liquor Tax Law as to submission of local option question construed — application of General Construction Law — petition for submission of local option question — signature and acknowledgment.**

The Liquor Tax Law should be liberally construed to effect the intent of the Legislature, that if the electors of a town to the number of ten per centum of the votes cast at the next preceding general election desire local option, the question shall be submitted to a vote.

The General Construction Law should be read into every statute subsequently enacted unless the wording of such later statute plainly expresses a contrary intent.

Under the provision of the Liquor Tax Law, that the petition for submitting a local option question at the election shall be signed and acknowledged by such electors before a notary public, and under the General Construction Law, sections 10 and 11, providing in effect that the word " acknowledgment " includes proof by a subscribing witness, a petition in which some of the signatures were proved by a subscribing witness is sufficient.

There is nothing in the statute requiring that the signature should be appended in the presence of a notary.

The words " by such electors " in the Liquor Tax Law prevent signatures by agents, and were evidently used for that purpose.

PUTNAM, J., and JENKS, P. J., dissented, with memorandum.

APPEAL by Robert P. Griffing and others, intervenors, from an order of the Supreme Court, made at the Suffolk Special Term and entered in the office of the clerk of the county of Suffolk on the 4th day of November, 1918, enjoining the acting town clerk of the town of Riverhead from doing anything tending toward submitting to the voters of said town the question of local option.

*Robert P. Griffing,* for the appellants.

*Percy L. Housel,* for the respondent.

Blackmar, J.:

The primary intent of the Legislature, plainly expressed in the Liquor Tax Law,* is that if the electors of a town to the number of ten per centum of the votes cast at the next preceding general election desire local option, the question shall be submitted to a vote, and I think the statute should be liberally construed to effect such intent. The General Construction Law should be read into every statute subsequently enacted unless the wording of such later statute plainly. expresses a contrary intent. The Liquor Tax Law provides that the petition for submitting the question at the election shall be signed and acknowledged by such electors before a notary public. The General Construction Law† (§§ 10, 11) provides in effect that the word "acknowledgment" includes proof by a subscribing witness. I think, therefore, that the petition in the present case, in which some of the signatures were proved by a subscribing witness, is sufficient.

The words "by such electors" in the statute prevent signatures by agents, and were evidently used for that purpose. The argument drawn from the location of these words after the word "acknowledged" instead of after the word "signed" is entirely too narrow and technical to support an argument which nullifies the primary intent of the Legislature. There is nothing in the statute requiring that the signature should be appended in the presence of the notary.

The order should be reversed, without costs, and the motion denied, without costs.

Kelly and Jaycox, JJ., concurred; Putnam, J., read for affirmance, with whom Jenks, P. J., concurred.

Putnam, J. (dissenting):

The words of Judge Gray in Matter of Bronson (150 N. Y. 1), that no resort is to be had to the Statutory Construction Law (now General Construction Law) where the language of the statute under consideration is clear and unambiguous, I think control us. The precise terms of this local option provision of the Liquor Tax Law have been unchanged since they

---

* See Consol. Laws, chap. 34 (Laws of 1909, chap. 39), § 13, as amd. by Laws of 1918, chap. 473.— [Rep.

† See Consol. Laws, chap. 22 (Laws of 1909, chap. 27).— [Rep.

were introduced in the Liquor Tax Law by the enactment of section 16 of chapter 29 of the General Laws by chapter 112 of the Laws of 1896. As this court intimated in *Matter of Travis* (184 App. Div. 505) the practical construction of such a statute is entitled to great weight. As far as I am aware, the attempt to prove signatures to such a petition to bring into operation a vote for local option has not heretofore been authorized by the mere affidavit or acknowledgment from a witness. The elector himself has been the person who personally acknowledges the request or petition. To authorize such acknowledgment by any one except the elector would seem beyond the words and intent of the Legislature. Hence I vote to affirm the order.

JENKS, P. J., concurred.

Order reversed, without costs, and motion denied, without costs.