LEON FREEDMAN, Plaintiff, *v.* ARTHUR POIRIER, Defendant.

Supreme Court, New York County, May 22, 1929.

*Robert J. Brown,* for the plaintiff.

*William C. Young,* for the defendant.

McGOLDRICK, J.   This motion involves the construction of a statute of Connecticut and the application thereto of " due process " under the Constitution of the State and Nation.   (N. Y. Const. art. 1, § 6; U. S. Const. 14th Amendt.)   The question presented is the validity of such statute in providing for service of process on non-residents in actions for injury based upon the negligent operation of automobiles on its highways.   Plaintiff's assignor, Charles Montanaro, is a resident of Connecticut.   Defendant is a

resident of New York. Montanaro instituted a suit against defendant in the Court of Common Pleas of Connecticut for the recovery of damages through the alleged negligent operation of an automobile while upon a public highway in that State. No process was there served upon defendant, and he interposed no defense. Judgment was entered against him by default, and it remains wholly unsatisfied. No property of defendant was there attached. Defendant was not there a licensed owner or operator. Montanaro assigned the judgment to plaintiff, a resident of New York State, who brings this action thereon. Defendant pleads as a separate defense that in the circumstances such judgment is at most one *in rem* and is unenforcible in the courts of this State. Plaintiff moves here to strike out such defense and for summary judgment. Process was served on defendant pursuant to the provisions of chapter 122 of the Public Acts of the State of Connecticut for the year 1925, which so far as material reads: " Section 1. Any nonresident of this state who shall cause a motor vehicle to be operated upon any public highway of this state shall be deemed to have appointed the commissioner of motor vehicles as his attorney and to have agreed that any process in any civil action brought against such person on account of any claim for damages resulting from the alleged negligence of such nonresident or his agent or servant in the operation of any motor vehicle upon any public highway in this state may be served upon said commissioner and shall have the same validity as if served upon such nonresident personally. Such process shall be served by the officer to whom the same shall be directed upon the commissioner of motor vehicles by leaving with or at the office of said commissioner, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant, by registered mail, postage prepaid, a like true and attested copy with an endorsement thereon of the service upon said commissioner, addressed to such defendant at his last-known address."

Process was duly served there upon the Commissioner of Motor Vehicles eighteen days before the return day; and a true and attested copy thereof, with the prescribed indorsement, was received by defendant by registered mail. The crisp statement of Chief Judge CULLEN of our Court of Appeals in *Grubel* v. *Nassauer* (210 N. Y. 149, 152) gives a setting for this statute and a method of approach to its consideration: " By the requirement of the Federal Constitution each state is required to give full faith and credit to the judgments of the other states. It is not a matter of comity between the states, but of obligation imposed by the paramount law. Yet it is settled that a judgment for money recovered in one state with-

out personal service of process on the defendant in that state cannot be enforced without the state. In *Pennoyer* v. *Neff* (95 U. S. 714, 727) it was held: ' Process from the tribunals of one State cannot run into another State, and summon parties there domiciled to leave its territory and respond to the proceedings against them. Publication of process or notice within the State where the tribunal sits cannot create any greater obligation upon the non-resident to appear. Process sent to him out of the State, and process published within it, are equally unavailing in proceedings to establish his personal liability.' "

The power of a State to regulate the use of its highways extends to their use by non-residents as well as by residents. (*Hendrick* v. *Maryland*, 235 U. S. 610, 622.) Non-resident owners may be required to appoint a State official as agent upon whom process may be served in legal proceedings against them and resulting from the operation within the State of their motor vehicles, and may be excluded until the formal appointment is made. (*Kane* v. *New Jersey*, 242 U. S. 160, Dec. 1916.) Whether such appointment be formal or implied is not substantial so far as concerns the application of the " due process " clause. (*Hess* v. *Pawloski*, 274 U. S. 352, May, 1927.)

In the case of *Hess* v. *Pawloski* (*supra*) there was declared constitutional a statute of Massachusetts (General Laws, chap. 90, as amd. by chap. 431 of the Laws of 1923, § 2), which, after similarly providing for implied appointment of a State official, reads: " provided that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt and the plaintiff's affidavit of compliance herewith are appended to the writ and entered with the declaration. The court in which the action is pending may order such continuances as may be necessary to afford the defendant reasonable opportunity to defend the action." Incidentally, it may be noted that New York State has wisely followed the wording of the Massachusetts statute. (See Laws of 1929, chap. 54, § 52, entitled " An Act relating to motor vehicles, motor cycles, and highway traffic, constituting chapter seventy-one of the consolidated laws," which was first enacted by chapter 465, Laws of 1928, adding section 285-a to Highway Law, and effective on July 1, 1928.) These requirements really make necessary actual personal service to be evidenced by the written admission of the defendant.

In *Kane* v. *New Jersey* (*supra*) the service provided for by statute was by mail to the necessarily known registered address of the licensed defendant. Under the Connecticut statute, however, it would be possible to obtain a default judgment against a

non-resident who had never been in the State, or who had nothing to do with the accident, or whose automobile having been in the State had never injured anybody; and this, because such process may be sent to defendant by registered mail " at his last known address," and, if received by him at all, may, in the absence of any provision to the contrary, be delivered at any time before or even after the return day. True it is that here defendant had actual notice; but such actual notice, not having been directed by the statute, cannot supply constitutional validity to the statute or to service under it.

Montanaro may be without remedy in view of the prohibitive expense that would be incurred in the commencement and prosecution of his claim for damages in this State. That is unfortunate, of course. But he is facing a situation no different from other persons who have sustained injuries and who cannot shoulder the burden necessarily theirs to discover those responsible therefor.

The true test is: " Does the Connecticut statute make it reasonably probable that notice of service on the Commissioner will be communicated to the non-resident defendant who is sued? " I think not.

Counsel have been unable to find any case directly in point, and the court by independent research has found none. However, from the reasoning of kindred opinions, and more particularly that of Chief Justice TAFT in *Wuchter* v. *Pizzutti* (276 U. S. 13, decided in Feb. 1928), it is deduced that the Connecticut statute here under discussion is lacking in due process of law.

Motion denied.