MORRIS BESSAN and SARAH BESSAN, Plaintiffs, *v.* PUBLIC SERVICE CO-ORDINATED TRANSPORT, Defendant.*

City Court of New York, New York County, December 2, 1929.

---

* See, also, 135 Misc. 744.

*Winkler & Janow,* for the plaintiffs.

*Philip J. O'Brien,* for the defendant.

SHEINTAG, J. The actions are for personal injuries and property damage sustained because of the alleged negligence of the defendant in the operation of one of its buses in the city of New York. The defendant is a foreign corporation operating a fleet of buses through New York city. It has its place of business in the State of New Jersey and has no office for the transaction of business in this State.

The summons and complaint were served pursuant to section 52 of the Vehicle and Traffic Law (formerly section 285-a of the Highway Law). That section reads as follows: " The operation by a nonresident of a motor vehicle or motor cycle on a public highway in this State shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such a public highway; and such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall be of the same legal force and validity

as if served on him personally within the state. Service of such summons shall be made by leaving a copy thereof, with a fee of two dollars, with the secretary of state, or in his office, and such service shall be sufficient service upon such nonresident provided that notice of such service and a copy of the summons are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt, the plaintiff's affidavit of compliance herewith, and a copy of the summons and complaint are filed with the clerk of the court in which the action is pending. The court in which the action is pending may order such extensions as may be necessary to afford the defendant reasonable opportunity to defend the action."

To guard against the abuse of this new remedy, section 53 of the Vehicle and Traffic Law provides for security for costs in the sum of $250 to be furnished by a plaintiff, and that the attorney for the plaintiff shall be liable to the defendant for his costs in the action to an amount not exceeding $100 unless and until such security shall be given.

It is conceded that the service complied with every requirement of the statute and that the return receipt was signed by an agent authorized to act on behalf of the defendant corporation.

The summons and complaint were mailed to the Secretary of State at Albany, N. Y., who acknowledged receipt thereof. The defendant contends (1) that the service was effected in New Jersey, and (2) that if it be held that service was effected when the summons was left with the Secretary of State, the City Court has no jurisdiction because its process was served outside of New York city.

The court may take judicial notice of the reasons leading to the enactment of the statute in question in this and in other States; of the appalling loss of life and injuries to person and property occurring every year on our public highways in consequence of the operation of motor vehicles; of the numerous cases involving so-called foreign cars; and of the purpose of the statute to protect travelers on our highways, and to encourage greater care in the operation of motor vehicles, by providing an effective civil remedy for negligence against the owners of foreign cars who heretofore have been practically immune. For the year 1928, for example, there were reported in this State 82,104 accidents resulting from the operation of motor vehicles on public highways, with 2,582 deaths and 99,302 persons injured. Throughout the United States last year there were 27,500 automobile fatalities.

" Motor vehicles are dangerous machines; and, even when skillfully and carefully operated, their use is attended by serious dangers

to persons and property." (*Hess* v. *Pawloski*, 274 U. S. 352, 356.)

The constitutionality of statutes like section 52 of our Vehicle and Traffic Law has been sustained by the United States Supreme Court as a valid exercise of the police power of the State. (*Hess* v. *Pawloski*, 274 U. S. 352.) In fact, our statute was drawn precisely to meet all of the conditions laid down by Chief Justice TAFT in *Wuchter* v. *Pizzutti* (276 U. S. 13). For an example of a statute held invalid as being a denial of due process of law see the recent opinion of Mr. Justice McGOLDRICK in *Freedman* v. *Poirier* (134 Misc. 253). That the defendant is a foreign corporation in no way changes the situation. (*Wuchter* v. *Pizzutti*, 276 U. S. 13, 20; *Powell* v. *Home Seeker Realty Co.*, 131 Misc. 590, 595.)

The contention of the defendant that service was not effected until after notice and a copy of the summons were received in New Jersey cannot be sustained. The statute is clear on that point. The owner of the foreign car has appointed the Secretary of State as his agent to accept service of process. The service is complete when it is made on that agent. The requirement of notice was simply to inform the non-resident that a suit had been commenced against him and process served on his designated agent. The service on the Secretary of State in that event was to " be of the same legal force and validity as if served on him [the defendant] personally within the state * * *." To hold otherwise would tend to destroy the validity of the entire statute.

The contention of the defendant that service was made outside of the city of New York requires more careful analysis. If that contention is sound, the City Court of the city of New York acquired no jurisdiction, the Court of Appeals having held that section 27 of the New York City Court Act, in so far as it provides that all process and mandates of the court may be executed in any part of the State, is unconstitutional and void, and that the territorial jurisdiction of the court is limited to the city of New York. (*American Historical Society* v. *Glenn*, 248 N. Y. 445.)

Attention has been called to the fact that section 52 of the Vehicle and Traffic Law, as distinguished from section 217 of the General Corporation Law of 1929 (Laws of 1929, chap. 650; formerly Gen. Corp. Law, § 16-f), does not require personal service on the Secretary of State, or his deputy, and does not provide that service shall be made in the office at Albany; that the section we are considering simply provides that service shall be made by leaving a copy of the summons " with the secretary of state, or in his office." I prefer not to base my decision on any such distinction. In the first place, " in his office " may properly be interpreted to mean the

office fixed by law, which is in the city of Albany; and in the second place, the effectiveness of the service should not turn on whether the Secretary of State happens to have a branch of his office within the city of New York, or within the territorial jurisdiction of any court of limited jurisdiction, or on whether he happens to have been personally served therein.

Of course, if we hold, as is contended, that it was intended to limit the operation of the statute to cases brought in the Supreme Court, the only court of general original jurisdiction in this State, that disposes of the matter. The statute itself does not so read. It would have been a simple matter for the Legislature to have said " in every action commenced in the Supreme Court." We should not by our interpretation read such words of limitation into the statute. That being so, we should look at it from a practical viewpoint; we should interpret the statute in a way that would make its application uniform and would produce the most beneficial and salutary results.

The Secretary of State is a State officer. He exercises his duties and powers throughout the physical territorial boundaries of the State of New York. For the purpose of discharging his functions he may be deemed to be constructively present in every part of the State.

In *Matter of Travis* (184 App. Div. 505; affd., without opinion, 224 N. Y. 598) certain electoral petitions signed in the county of Kings, by a notary of that county, were forwarded to the office of the Secretary of State, situated in Albany, without a notarial certificate. It was contended that such certificate of authentication lacking, the Secretary of State could not receive the petitions. In his separate opinion, THOMAS, J., said: " I vote to reverse upon the ground that the office of Secretary of State is common to the State, and is not limited to the county of Albany; and that when the Secretary of State receives a petition, his function and act are not confined within the county of Albany, but operate and extend through the whole State. Hence no authentication by the county clerk of the notary's certificate is required, nor has it been practiced or regarded as necessary in filing papers with the Secretary of State, where certification by a notary public or similar officer is demanded."

A similar question arose in this court many years ago in connection with service on the Secretary of State at Albany, as the agent designated by law to accept process on behalf of a foreign insurance corporation. A motion to set aside the service as made outside of the territorial jurisdiction of the court was denied (*People ex rel. Firemen's Insurance Co.* v. *Justices of City Court of New York*, 11 N. Y. Supp. 773).

In a dictum in the case of *Mc Keever* v. *Supreme Court of the Independent Order of Foresters* (122 App. Div. 465), MILLER, J., writing for a unanimous court, said: " We do not assent to the proposition argued by the appellant that service of the summons on the Superintendent of Insurance at Albany would not give the court [Municipal Court] jurisdiction in any case for not being service within the city, but think that such service would have to be deemed service within the city, in case the other jurisdictional facts were shown. In other words, said section 30 of the Insurance Law was intended to provide a way of obtaining personal service on a foreign insurance corporation, and such service should be deemed to be made within the territorial jurisdiction of the court issuing the process."

That lays down the law which I believe should be applied to the instant case. The City Court has jurisdiction concurrent with the Supreme Court, within the city of New York, of the actions set forth in the complaint. I hold that service of process was made within the territorial jurisdiction of this court. Motion to dismiss the summons and complaint for lack of jurisdiction denied. Settle order on notice.