HARRY B. STOIBOR, Plaintiff, Respondent, *v.* ENRICO MARINACCI, Defendant, and IRA R. CROUSE, Defendant, Appellant.

Supreme Court, Appellate Term, First Department, December 22, 1931.

*Ireland, Caverly & Hendrickson* [*William C. Foist, Emmet Taub* and *Leo L. Walton* of counsel], for the appellant.

*Joseph H. Kassoy* [*Morris L. Gussow* and *Louis Dickstein* of counsel], for the respondent.

CALLAHAN, J. The summons and complaint herein were delivered to a Deputy Secretary of State in the office of the State Department in New York city and a copy forwarded to the non-resident

*Affg. 139 Misc. 838. See, also, *Teplitzky* v. *Lippman* (143 Misc. 244).

defendant and received by him. It seems to me that such service complies with section 52 of the Vehicle and Traffic Law (as amd. by Laws of 1930, chap. 57) and is valid to give jurisdiction to the court below. This determination is not contrary to our holding in *Heihs* v. *Reinberg* (136 Misc. 815). The controlling fact there was that service was made by delivery of process to the Secretary of State in Albany.

There can be no question of " due process " involved in this case as the statute and the method of service thereunder are in accord with those approved as sufficient in *Hess* v. *Pawloski* (274 U. S. 352). The use of the highways of our State by non-resident automobilists presumes the appointment of the Secretary of State as agent to receive process. Section 52 says that process may be served on the Secretary of State *or* in his office. There would, therefore, be no extension of the power or jurisdiction of a local court by its accepting jurisdiction of an action under the statute if the service was completed by delivery to the designated agent within the territorial limitation of the court. Here that limitation is the city of New York and the process was delivered within that city. The requirement that a copy of the papers be forwarded to the non-resident defendant is exacted to afford due process, but service is made on the agent here.

No point is made by the parties hereto that delivery of process to the Secretary of State's office may not be made at his office in New York city. There appears to be ample power conferred on that officer by law to designate such deputies, create such bureaus and select such officers within the State as he may deem proper. (Exec. Law, §§ 20, 21, as amd. by Laws of 1927, chap. 525.) The statement in *Heihs* v. *Reinberg* (*supra*) that the statute contemplated that service was to be made at the official headquarters of the Secretary of State does not imply that it must necessarily be served in the Albany office. The language of section 52 of the Vehicle and Traffic Law is not subject to such narrow construction. I see no reason why this case differs from any other where process is delivered to one authorized to receive service in the territorial limits of the court. It may well be that a distinction is unscientific and arbitrary which permits service to be made in a local court in actions against non-residents because the Secretary of State is found within the territorial limits of such court, and denies jurisdiction to local courts when such officer cannot be found in their territory; but all territorial limitations of jurisdiction are arbitrary. And it is no less scientific to make such distinction than to announce a rule which in effect would permit a resident of Albany to sue a non-resident in local courts in that city while denying a similar

right to those in other parts of the State. Surely from a practical viewpoint the non-resident is not benefited, if he may be brought to justice in this State, by compelling him to undergo the greater expense of defending an action in the Supreme Court on a claim which by reason of the amount might well be brought in a local court.

Orders affirmed, with ten dollars costs and disbursements, with leave to appellant to answer within six days after service of order entered hereon upon payment of costs and disbursements, and with leave to appeal to the Appellate Division.

LEVY and CALLAHAN, JJ., concur; PETERS, J., dissents.

PETERS, J. (dissenting). The complaint alleges that, as a result of a collision between an automobile, owned by the defendant, appellant, and operated by his employee, with a taxicab owned by Enrico Marinacci, codefendant, injuries were sustained to the store front of the plaintiff; that such a collision was brought about by the negligence of the operators of the two vehicles, for which injuries compensation is sought in this action. On September 22, 1930, a copy of the summons and complaint was served upon the Deputy Secretary of State at the office of the Secretary of State in Manhattan, New York city. Simultaneously therewith there was forwarded by registered mail a copy of the summons and complaint, together with a notice of such service upon the Secretary of State, to the defendant Ira R. Crouse at his address 501 Division street, Perth Amboy, N. J., and the return receipt was duly received through the mails, upon which the signature of said defendant appeared in pencil acknowledging the receipt of the same on September 23, 1930. Thereafter a special notice of appearance was served by the attorneys for said defendant objecting to the service under the provisions of section 52 of the Vehicle and Traffic Law as just set forth.

In *Heihs* v. *Reinberg* (136 Misc. 815), wherein we held that the Municipal Court of the City of New York had no jurisdiction of an action for negligence against a non-resident automobile owner driving within this State where the summons in the action was served on the Secretary of State at Albany, pursuant to the provisions of section 52 of the statute just quoted, we said: " Section 14 of the New York City Municipal Court Code provides that its summons be served within the city of New York. In the case on appeal the summons was served upon the Secretary of State in Albany. This has been the common practice and the common understanding with respect to service under similar statutes. (Ins. Law, § 30, as amd. by Laws of 1910, chap. 634; Banking Law, §§ 28 and 145; General

Corp. Law of 1929, §§ 210 and 217; General Corp. Law of 1927 [chap. 425], §§ 15 and 16 [f]; *People ex rel. Firemen's Ins. Co.* v. *Justices of City Court,* 11 N. Y. Supp. 773 [1890]; *McKeever* v. *Supreme Court, Independent Order of Foresters,* 122 App. Div. 465 [1907].) Indeed, section 217 of the present General Corporation Law (Laws of 1929, chap. 650) expressly provides, as to foreign corporations, that service upon the Secretary of State shall be made ' at the office of the department of state in the city of Albany.' This, I think, must be interpreted as indicating the legislative understanding of the like requirements in all similar cases, as there certainly is no reason why service on the Secretary of State in the case of suits against non-resident automobilists should be made any differently from that in suits upon non-resident corporations. Finally, the very language of the statute, *i. e.,* that service of such summons shall be made ' by *leaving* a copy thereof, with a fee of two dollars, with the secretary of state, or in his office,' suggests to my mind that it was contemplated to be made at the official headquarters of that officer."

It cannot be said that this statement of the law, that the summons in cases such as this must be served on the Secretary of State at Albany, or left in his office in that city, was *obiter,* because the contention was made in the dissenting opinion that as the Secretary of State was a State-wide officer, service upon him in Albany would not constitute service of the process of the court outside of the city of New York. This theory was rejected by a majority in the court. No good reason was suggested why, when service of a mandate of the court is to be made upon the Secretary of State, such service should not be made upon him in Albany or at his office in that city, and we accordingly hold that such is the law. As the service in question was made upon a Deputy Secretary of State in the city of New York, the court below acquired no jurisdiction.

The City Court, while now a constitutional court, still remains a local court of inferior jurisdiction. (*American Historical Society* v. *Glenn,* 248 N. Y. 445, 453.) In that case it was expressly held that the court was limited as to its territory and that its mandates could not be executed outside of the city of New York. There is no reason why non-residents of the State should be brought within its jurisdiction where service such as the one in question is provided by statute. The court below, in the case of *Marcus* v. *Day* (139 Misc. 283), attempts to make a distinction between service on non-residents of the city of New York and service on non-residents of the State of New York. The court said: " When one speaks of the jurisdiction of the City Court ' drawing into its

web by its process' the residents of the State from Niagara Falls to Montauk Point (City Ct. Act, section 27) and about the constitutional prohibition against the granting by the Legislature, of any greater jurisdiction to local courts than is granted to the County Courts (Const. art. 6, § 18), one is talking purely of the statutory and constitutional rights of the *residents within the State*. (*American Historical Society* v. *Glenn*, 248 N. Y. 445, 453.) The question at bar involves no such consideration. Here we are talking about the rights of *residents of other States*." (Italics are writer's.)

The same thought is contained in the opinion in the present case. It is sufficient to say that the question to be determined in this case is the *jurisdiction* of the court, a fundamental essential in due process of law. Due process of law is guaranteed to all persons by the Fourteenth Amendment to the Federal Constitution.

It does not seem necessary to decide whether or not the mailing of the service of the summons and complaint to the defendant outside of the State constitutes such an essential part of the service of the process of the court as to render the service void, although it is of such importance in the opinion of the Court of Appeals (*Shushereba* v. *Ames*, 255 N. Y. 490), that the return receipt should be filed in order that the court, before it attempts to exercise jurisdiction, shall have assurance that such jurisdiction has in fact been *acquired*.

The orders should be reversed, and motion granted.