In the Matter of BOND AND MORTGAGE GUARANTEE COMPANY, Guarantee No. 180,577. (LIDO CLUB HOTEL.)

Supreme Court, Special Term, Kings County, September 21, 1938.

*Blake & Voorhees* [*Charles H. Kelby* and *Tracy S. Voorhees*, of counsel], for the owners.

*John Holley Clark, Jr.*, for the committee of certificate holders.

*Maurice Finkelstein* [*James F. Donlan* of counsel], for the Mortgage Commission.

*John Fletcher Caskey*, for the Mortgage Corporation of New York.

SMITH (PETER P.), J. Upon the last hearing the owners urged that under the Mortgage Commission Act (Laws of 1935, chap. 19, § 7, McKinney's Unconsol. Laws, § 1757) the majority of the filed dissents must be deemed invalid because the acknowledgments thereon are defective in that county clerk's certificates authenticating or attesting the signatures of the various notaries were not attached to such dissents which were sworn to before notaries within the State but beyond the confines of Nassau county, the county in which this proceeding is pending. The proof clearly showed, and it is not disputed, that authenticating certificates were not attached although the notaries had not qualified in Nassau county. The hearing was adjourned to allow the court to pass upon this preliminary technical objection.

In my opinion, despite the absence of the authenticating certificates, such dissents are valid. Under the statute (Laws of 1935, chap. 19) the written dissent which is to be filed with the clerk of the court is merely required to be " duly executed and acknowledged." A signature has been " duly acknowledged " if the signer swears to it in any county in the State before a notary public authorized to take his oath in that county and if the notary certifies to the fact of the acknowledgment (Civ. Prac. Act, § 357). The dissent is not in the nature of a conveyance. Rather it is analogous to an oath or affidavit authorized by law (Civ. Prac. Act, § 357). But assuming the dissent be deemed analogous to a deed of conveyance the acknowledgments here appear to be proper even without authentication by the county clerk (Real Prop. Law, § 298; Gen. Const. Law, § 11). In fact, neither one of these latter statutes requires or makes any reference to authentication. (*Matter of Travis*, 184 App. Div. 505; affd 224 N. Y. 598.)

The formality of authentication is necessary only in order to permit a conveyance acknowledged before a notary in one county " to be read in evidence or recorded in any county " (Real Prop. Law, § 310). This section clearly is inapplicable. The dissents here cannot be deemed conveyances. Nor are these dissents intended to be read in evidence or recorded. On the contrary, pursuant to the statute (Laws of 1935, chap. 19), they are merely filed with the clerk of the court in order to register the certificate holder's protest against the adoption of the promulgated plan and to entitle him to the rights accorded under the statute to a dissenting certificate holder.

It is also interesting to observe, by way of analogy, that the Surrogate's Court Act expressly provides that when an instrument is required to be acknowledged it shall be acknowledged in the same manner as a deed " except that when executed within the State of New York, no certificate of the county clerk shall be required." (Surr. Ct. Act, § 314, subd. 14.)

Therefore, the preliminary objection to the dissents, based upon the failure to have authenticating certificates annexed, is overruled.