Keniston, G. J.
The defendant brings this appeal from a finding for the plaintiff in an action upon a judgment obtained in a Rhode Island court. The facts were agreed to by both parties and submitted to the trial court in a case stated. These facts so far as material to the question raised are as follows.
The defendant is a resident of Massachusetts and the owner of an automobile properly registered in her name in Massachusetts. The plaintiff is a resident of Rhode *85 Island. The automobile of the defendant while being operated upon a public way in Rhode Island was involved in an accident with a car in which the plaintiff was a passenger. The plaintiff brought suit against the defendant for injuries alleged to have resulted from the collision, in an appropriate court in Rhode Island and secured service upon the defendant by service upon the Registrar of Motor Vehicles of Rhode Island and by mailing, by registered letter to the defendant, in proper season, notice of the suit and a copy of the writ with a copy of the return of service thereof upon the Registrar of Motor Vehicles. The plaintiff’s attorney made and filed an affidavit of mailing the notice and copy of the writ with the return thereon to the defendant, accompanied by the post-office receipt for the registered letter showing the letter was addressed to the defendant at the address from which her automobile was registered. The plaintiff complied with all the provisions of the Rhode Island General Laws 1938, chap. 103, sec. 1, relating to service upon non-resident operators of automobiles. The plaintiff did not file the return receipt for the registered letter, nor was it annexed or filed with the pleadings in the Rhode Island action. •
The defendant did not appear in the Rhode Island suit, the case was in due course defaulted, damages were later assessed and judgment obtained upon which judgment the present action is brought.
The only question raised is whether there was due and sufficient service upon the defendant in the Rhode Island suit in compliance with the requirements of the 14th amendment of the Constitution of the United States so that the judgment obtained in the Rhode Island court is entitled to be recognized as a valid judgment in this court.
The only substantial distinction between the requirements of the Rhode Island Statutes (Gen. Laws 1938 chap. 103, sec. 1) and the Massachusetts Statutes (chap. 90, sec. *86 301) applying to service upon non-resident owners of automobiles upon public ways within the respective States, is that the Massachusetts Statutes require that the notice and copy of the writ shall be sent by registered mail and the return receipt signed by the defendant, if received by the plaintiff, shall be filed with the plaintiff’s affidavit of notice while the Rhode Island Statutes only require the post-office receipt that the registered letter has been sent to be filed with the affidavit of notice.
Service in the manner provided by the Massachusetts Statutes has been held constitutional by our Supreme Court, Pawloski v. Hess, 250 Mass. 22. and affirmed by the Supreme Court of the United States, Hess v. Pawloski, 274 U. S. 352. Since the decision was rendered in Pawloski v. Hess, supra, the Massachusetts Statute has been amended (chap. 387 of 1937) so that the plaintiff is only required to file the return receipt if received by him. The constitutionality of this amendment does not seem to have been questioned in any later decision, nor do we think the result would be different if the question were raised.
In the decision of Wuchter v. Pizzuti, 276 U. S. 13. Chief Justice Taft after citing several cases uses' the following language: “These cases and others indicate a general trend of authority toward sustaining the validity of service of process, if the statutory provisions in themselves indicate that there is reasonable probability that if the statutes are complied with, the defendant will receive actual notice, and that is the principle that we think we should apply here.”
Our Massachusetts cases hold that: “The mailing of a letter properly addressed and postpaid, does not merely create a presumption but rather constitutes prima facie evidence of delivery to the addressee in the ordinary course of mail.” Hobart-Farrell Plumbing & Heating Co. v. Klayman, 302 Mass. 508. Avisais’s Case, 285 Mass. 56.
*87 We are of the opinion that filing of the post-office receipt that the registered letter has been sent to the defendant as required by the Rhode Island Statute does indicate “a reasonable probability that . . . the defendant will receive actual notice” Wuchter v. Pizzuti, supra; and-we do not feel that the distinction between filing a return receipt of a registered letter if received, and filing a post-office receipt that the registered letter has been sent is so marked that the Rhode Island Statute should be declared unconstitutional.
The cases from other states cited by the defendant in her brief do not seem to be inconsistent with this opinion, with the exception of the case of Freedman v. Poirier, 236 N. Y. Supp. 96. and so far as that opinion may be in conflict we do not feel it should be followed.
Report dismissed.