## MACKIE v. RANKIN et al.
### No. 8242.

United States District Court
E. D. Michigan, S. D.
Oct. 24, 1949.

Phillip C. Kelly, Jackson, Mich., for plaintiff.

Alexander, Cholette, Buchanan, Perkins & Conklin, Detroit, Mich., for defendants.

KOSCINSKI, District Judge.

Plaintiff filed this suit for damages on June 11, 1949, against defendants herein, claiming that while she was a passenger in a motor vehicle known as a jeep owned by defendant, Charles Rankin, and operated by defendant, William J. Bradford, Jr., the jeep overturned and caused her injuries.

The jurisdictional ground is stated to be diversity of citizenship. Plaintiff alleges that she is a citizen and resident of the State of Michigan, that defendant, Charles Rankin, is "a citizen and resident of the State of Tennessee," and that defendant, William J. Bradford, Jr., is "a citizen and resident of the State of Illinois." The jurisdictional amount is alleged.

Returns of service, attached to the summons, on file in this cause, indicate that both defendants were served with the summons and complaint by leaving copies thereof with Harold E. Bradshaw, Deputy Secretary of State of Michigan, at Lansing, Michigan. An affidavit of service made by plaintiff's attorney, was also filed showing that both defendants were served with copies of the summons and the complaint, by registered mail, the envelope to Charles Rankin having been addressed to him at 528 Main Street, Knoxville, Tennessee, and the one to William J. Bradford, Jr., at 3742 Ashland Avenue, Chicago, Illinois. The return receipts are attached to this affidavit, one signed "Chas. Rankin" by "Kate Bowman," and the other "Wm. J. Bradford, Jr.," by "John J. Schwab."

While not so alleged in the complaint, service of summons was evidently made under Act 80, Public Acts of Michigan for 1929, as amended, Sec. 9.1701, M.S.A.,[1] providing for service of summons on nonresidents whose automobiles are operated on and cause injuries to others on Michigan highways. Service of process under State statute is authorized under Rule 4 (d) (7), Federal Rules of Civil Procedure, 28 U.S. C.A.

Both defendants appeared specially by counsel and each filed a motion to quash service of summons on the ground that he was a resident of the State of Michigan at the time of the accident and at the time of the alleged injuries, and that, therefore, the statutory provisions for service of process on nonresidents do not apply as to him. Defendant Bradford further claims that service upon him is not effective under the statute, for the reason that notice of such service and a copy of the summons were not served upon him as provided by said Act.

Defendant, Charles Rankin, filed an affidavit in support of his motion, admitting ownership of the jeep and the fact that it

[1] "Sec. 1. Service of process in civil actions on non-resident operator of motor vehicle; death of non-resident, service on executor or administrator, action not to abate. From and after the effective date of this act, the operation by a nonresident of a motor vehicle upon a public highway of this state, or the operation on a public highway in this state of a motor vehicle owned by a nonresident if so operated with his consent, express or implied, shall be deemed equivalent to an appointment by such nonresident of the secretary of state to be his true and lawful attorney, upon whom may be served the summons in any action against him, growing out of any accident or collision in which such nonresident may be involved while operating a motor vehicle on such a public highway, or in which such motor vehicle may be involved while being so operated on such a highway. Such operation shall be deemed a signification of his agreement that any such summons against him which is so served shall have the same legal force and validity as if served on him personally within this state. Service of such summons shall be made by leaving a copy thereof with the secretary of state, or his deputy, who shall keep a record of each such process and the day and hour of service, and such service shall be sufficient service upon such nonresident, provided that notice of such service and a copy of the summons are forthwith either served upon the defendant personally by the sheriff or constable of the county in which he resides or sent by registered mail by the plaintiff or his attorney to the defendant: And provided further, That if personal service of such notice and copy of summons be had upon the defendant the officer making the service shall so certify in his return which shall be filed with the court having jurisdiction of said cause, or if service be made by registered mail then the plaintiff or his attorney shall make an affidavit showing that he has made service of the notice and summons upon the defendant by registered mail as herein provided and the affiant shall attach thereto a true copy of the summons and notice so served and the registry receipt of the defendant and shall file the affidavit and attached papers with the court having jurisdiction of said cause. * * *"

was being operated under a Michigan motor vehicle license. He further deposes that on July 20, 1946 and for a number of years prior thereto he was a resident and citizen of the State of Michigan, that he formerly resided at Grand Rapids, Michigan, that on June 1, 1946 he completed the sale of his home in Grand Rapids and moved into a cottage at Holland, Michigan, and that he was living and residing in said cottage until September 15, 1946, at which time he moved to Knoxville, Tennessee, that on July 20, 1946 he was not a resident or citizen of the State of Tennessee but that he was a resident and citizen of the State of Michigan, and that during the entire summer of 1946 he had a substantial part of his furniture and household goods at Holland, Michigan, and that his various automobiles, including the jeep in question, had Michigan license plates and deponent had a Michigan driver's license.

From answers to interrogatories submitted by plaintiff to defendant Rankin it appears that he was born in Michigan and lived here all his life until September 15, 1946, that he represented several furniture-manufacturing factories located both in and out of the State of Michigan as exclusive sales representative since the year 1939 and maintained an office and his mailing address at his residence in Michigan and that on the date of the accident his office and mailing address were his residence at Macatawa Park, Michigan. He further stated that he was offered a position in the home office of the C. B. Atkin Company of Knoxville, Tennessee, one of the factories he represented, which would require removal to Knoxville, Tennessee, and he felt it desirable to accept the offer on condition he would not be required to give up his work in Michigan and start on his duties in Knoxville until October or November of 1946, that he first offered his home in Grand Rapids, Michigan, for sale on January 15, 1946, but that it was actually sold on June 1, 1946 with July 1, 1946 occupancy, and that he thereupon shipped a part of his furniture to Knoxville, Tennessee, and placed it in storage, but retained a portion of it to make habitable as a residence a furnished cottage which he rented at Macatawa Park,

Michigan, as it would have to be his home for four months before he moved to Knoxville, Tennessee, that he continued as sales representative in the State of Michigan for the C. B. Atkin Company until September 14, 1946 and maintained his office at his residence at Macatawa Park until he assumed his duties as vice-president of that company in the home office in Tennessee on October 1, 1946, and that since November 30, 1947 he has been vice-president and sales manager of this company at their home office. He also stated that he moved to Tennessee for business purposes only about September 15, 1946 and has lived there since that time, but that he has no definite contract with his firm and will, therefore, remain in Tennessee only so long as his present business requires him to do so.

From this information it is apparent that defendant Charles Rankin continued his residence in the State of Michigan until September, 1946. Although he made preparations to leave this state to live in Tennessee, his intent was to remain here until October or November of 1946 and then to become a resident of Tennessee for purposes of his business. Under the showing made, therefore, he was actually a resident of the State of Michigan on the date of the accident, July 20, 1946, and the provisions of the statute providing for substituted service on nonresidents are inapplicable as to him and service of process upon him under the provisions of that statute was invalid. 61 C.J.S., Motor Vehicles, § 502(4); Wood v. White, 68 App.D. C. 341, 97 F.2d 646, certiorari denied 304 U.S. 578, 58 S.Ct. 1048, 82 L.Ed. 1541.

The affidavit of defendant William J. Bradford, Jr., in support of his motion to quash service of summons states that he resides and is domiciled in the State of Florida, having resided there continuously since 1946, that on the date of the accident he was domiciled in the County of Ottawa, State of Michigan, that he was then employed in construction work at Macatawa, Michigan, that for several years prior to July 20, 1946 (except for the period of his service in the armed forces of the United States) he was so domiciled and residing

and continued to reside in Michigan until September 1946 when he took up his residence at Coral Gables, Day County, Florida, where he continued to live up to the present time. He admits he was the driver of the jeep on July 20, 1946. He states that he has never been served with summons or other process in this case, that he received no notice through the mails or otherwise from either the clerk of this court or from the parties' hereto, of the pendency of this suit, and that the only information which he has relative to these proceedings has been furnished by the attorney representing the business conducted by his father in Chicago, Illinois.

In answer to interrogatories submitted to him by plaintiff, defendant Bradford states that he was born in Chicago, Illinois, on August 21, 1927, that for five years prior to September 1946 he spent his time from late June to early September in each year at Columbia Cottage, Box L-2, Macatawa Park, Michigan, and that he spent the remaining time during those five years in Chicago, Illinois, except for the period of time he was in the United States Navy. He further states that on July 20, 1946 his parents resided at Macatawa Park, Michigan, and that they had resided there during part of each year for fifteen years, that he was inducted from or enlisted in Chicago, Illinois, and was in the armed forces of the United States from July 1945 to June 1946 and that when he was discharged from service he returned to Macatawa, Michigan, on June 25, 1946, that he came there from the State of Illinois, that at the close of the summer vacation period of 1946 he intended to take up residence at Coral Gables, Florida, and that he was not employed by any one on July 20, 1946, also, that he was in possession of motor vehicle operator's licenses on that day from both the State of Illinois and the State of Michigan.

The facts and circumstances of defendant William J. Bradford's residence indicate strongly that he was a citizen of the State of Illinois and a resident of the City of Chicago, that he was a minor on the date of the accident and that up to that time he spent his vacations with his parents at their cottage located at Macatawa Park, Michigan, for a period of approximately two and one-half months of each year.

It is interesting to note that on August 11, 1949, in answer to interrogatory number 8, proposed to him by plaintiff, and reading, "By whom were you employed on July 20, 1946?" defendant Bradford answered "No one." Yet on July 19, 1949 he made an affidavit in support of his motion to quash service of process in which he stated that on July 20, 1946 he was employed in the County of Ottawa, State of Michigan, in construction work. His annual vacation of ten or eleven weeks in Michigan did not make him a resident of this state.

The evident purpose of the statute providing for substituted service on nonresidents was to facilitate obtaining service of process of nonresidents in case they caused injuries to any one as a result of operation or permitting the operation of an automobile in Michigan. Under the law, Bradford did not acquire the status of a resident of the State of Michigan, and it must be held that on July 20, 1946, the date on which he operated the jeep on Michigan highways, he was a nonresident of the State of Michigan.

It only remains to inquire whether notice to him under the statute was sufficient. The statute provides only that notice of such service on the Secretary of State and a copy of the summons be served upon defendant personally by the sheriff or constable of the county in which he resides, or sent by registered mail by the plaintiff or his attorney to the defendant, and that, if service be made by mail, the plaintiff or his attorney shall make affidavit showing that he has made service of the notice and summons upon the defendant by registered mail as therein provided and affiant shall attach thereto a true copy of the summons and notice so served and the registered receipt of the defendant, and shall file the affidavit and the attached papers with the court having jurisdiction of said cause. The statutory notice was forwarded to defendant Bradford to his last known address at Chicago, Illinois, and

618

was receipted for by a person whose act in accepting the letter, in absence of a showing to the contrary, satisfies the statute as to notice. The statute does not require a personal receipt of the defendant and the notice to him was therefore sufficient under the statute. Shushereba v. Ames, 255 N.Y. 490, 175 N.E. 187; Bessan v. Public Service Co-ordinated Transport, 135 Misc. 368, 237 N.Y.S. 689.

For the reasons above state an order will be entered granting the motion of defendant, Charles Rankin, to quash service of process upon him and denying the motion of defendant William J. Bradford Jr. to quash service of process.