HON. MATTHEW M. AVIANO Chief Clerk, Supreme Court, Suffolk County
This is in response to a recent letter from your office from Milton A. LaGattuta, Staff Attorney, wherein you ask our opinion as to whether or not a public officer or employee of a school district, earning in excess of one thousand dollars annually, would be disqualified from serving as a grand juror pursuant to Judiciary Law, § 664.
Judiciary Law, § 664, states, in pertinent part, as follows:
 "No public officer or employee of the United States government, or of any state, city or municipality, or of any political subdivision of any of them or of any official board, authority, council, commission, corporation, or other agency of any of them, receiving annual compensation in excess of one thousand dollars from the aforesaid sources, shall serve on any grand jury."
We can find no definition of school district contained within the Judiciary Law. However, the General Construction Law applies to every statute subsequently enacted, unless the wording of such later statute expresses a contrary intent (O'Keeffe v. Dugan, 185 App. Div. 53, affd.225 N.Y. 667). The Judiciary Law was enacted subsequent to the General Construction Law, and there does not appear to be any contrary intent ascertained within the Judiciary Law to exclude any definition of school district contained in said General Construction Law.
General Construction Law, § 66(2), states:
 "2. A `municipal corporation' includes a county, city, town, village and school district."
Judiciary Law, § 664, specifically designates a municipality or corporation of such municipality as falling within the proscriptions of said section. Therefore, it is evident that a school district, which is included within the definition of a municipal corporation, falls within the ambit of Judiciary Law, § 664.
Accordingly, we conclude that an employee or public officer of a school district, receiving annual compensation in excess of one thousand dollars, may not serve as a grand juror pursuant to Judiciary Law, § 664.