OPINION OF THE COURT
John J. Ark, J.
The petitioner filed a designating petition containing signatures of qualified voters in the office of respondent Monroe County Board of Elections to designate petitioner as a Republican candidate for the Office of Member of the Irondequoit Town Council.
*64 The general objection, dated July 17, 1995, was filed with the respondent Monroe County Board of Elections; thereafter the specific objections, dated July 24, 1995, were filed therein.
Specific objections allege that seven signatures of the designating petition are invalid because the signatories printed rather than signed their names.
Petitioner sought to qualify seven of these signatures by means of affidavit, or otherwise, by showing that the printed signatures were intended, and were the signatures of the signatories.
Respondents are correct that the matter of printed vis-a-vis cursive signatures is of paramount importance in the determination of validity. However, until the Election Law specifies otherwise, "[t]he term signature includes any memorandum, mark or sign, written, printed, stamped, photographed, engraved or otherwise placed upon any instrument or writing with intent to execute or authenticate such instrument in writing.” (General Construction Law § 46.)
Since the General Construction Law should be read into every statute subsequently enacted unless the wording of such later statute plainly expresses a contrary intent (see, O’Keeffe v Dugan, 185 App Div 53 [1918], affd 225 NY 667 [1919]), the Boards of Elections throughout the State should effect a statutory change requiring petition signatures be cursive.
Accordingly, the signatures referred to in petitioner’s reply affidavits A through M are hereby qualified.