**RUCKSTELL SALES & MFG. CO. et al. v. STARR TRANSMISSION CORPORATION et al.**

(District Court, S. D. California. S. D. June 10, 1926.)

1. Patents ⊜290—Under special circumstances, licensee may maintain suit for infringement without joining owner.

As a general rule, an exclusive licensee cannot maintain a suit for infringement without joining the owner as complainant, which he may do with or without the owner's consent; but, where it appears that the interest of the owner is adverse, as where he is himself, or has licensed the alleged infringer, the complainant licensee may sue alone.

**2. Patents ⬅290.**

That patentee's interest, hostile to licensee, concerns only part of patents involved, does not prevent licensee from suing alone for infringement.

**3. Patents ⬅290.**

Whether license in fact covers patents for infringement of which licensee sues cannot be determined on motion to dismiss patentee, joined as complainant without its consent.

**4. Patents ⬅290—In suit by licensee, owner of patent dismissed as complainant and joined as defendant.**

In a suit for infringement by an exclusive licensee, in which it joined the owner as complainant, but in which the owner admits having licensed the alleged infringer, and is antagonistic to the suit, the court, having jurisdiction of the parties, should dismiss such owner as a complainant and align it as a defendant.

**5. Appearance ⬅9(5).**

An ex parte application by defendants for a stay, pending defendant's motion for dismissal, though bearing indorsement that counsel were appearing specially, *held* a general appearance.

In Equity. Suit by the Ruckstell Sales & Manufacturing Company and another against the Starr Transmission Corporation and others. On motion of the Perfecto Gear Differential Company to be dismissed as complainant. Motion granted, and said company made a party defendant.

Benjamin F. Bledsoe, of Los Angeles, Cal., and Chas. E. Townsend and William A. Loftus, both of San Francisco, Cal., for plaintiff Ruckstell Sales & Mfg. Co.

Raymond Ives Blakeslee, of Los Angeles, Cal., Chas. S. Evans, John H. Miller, and A. Boyken, all of San Francisco, Cal., and Chas. O. Bruce, of Berkeley, Cal., for Perfecto Gear Differential Co. and for defendants.

JAMES, District Judge. This action in equity is brought in the principal behalf of Ruckstell Sales & Manufacturing Company, a corporation, one of the plaintiffs named. The prayer is for an injunction and damages.

Infringement is charged of patent rights alleged to be held by said plaintiff as licensee of Perfecto Gear Differential Company, a corporation. The latter (which will hereinafter be designated as Perfecto Company) was made a party plaintiff without its consent, in order that the licensee might protect the rights alleged to be possessed by it. The license right affecting the patents to which it is attached is a broad one; it is an exclusive right to make and sell within the United States and Canada.

[1] The Perfecto Company has appeared and by motion asks to be dismissed as party plaintiff, consenting at the same time to be made a party defendant, if the court shall determine that the suit is maintainable at all. Both sides recognize it as the law (stating a general rule) that a mere licensee, possessing no right of ownership in a patent, cannot maintain an action against third party infringers. At the same time it must be conceded, also, at least in equity, that even against the consent of the patentee a licensee may, for the protection of the right which he has secured, join as coplaintiff the patentee. "Where an exclusive licensee brings an action in equity in the name of himself and the owner of the patent right, that action may be maintained without the co-operation, and even against the objection, of the latter." Walker on Patents (5th Ed.) § 400, p. 486.

Circumstances may be present under which a court will protect the patent owner from being brought in as a plaintiff against his will, such as where a showing is made that the litigation is ill-advised, and of a character which may possibly entail great expense upon the patentee without promising advantageous results. Such a situation is pointed to in Brush-Swan Electric Light Co. et al. v. Thomson-Houston Electric Co. (C. C. A.) 48 F. 224.

The Perfecto Company has presented with its motion a copy of its license agreement made with the Ruckstell Sales & Manufacturing Company, which agreement it is insisted contains conditions not shown to have been complied with by plaintiff licensee, and which are prerequisite to the commencement of any action for infringement by third parties. That agreement does in fact contain conditions which seem to require that the bringing of such a suit must first be agreed upon in the manner therein described. However, the condition of the license agreement cannot have controlling effect here, in view of the express admission made by the Perfecto Company that the defendant Starr Transmission Company is its licensee under two of the patents as to which the plaintiff Ruckstell Sales & Manufacturing Company claims to hold exclusive license rights by reason of its contract with the Perfecto Company. The latter further declares in its petition that, according to its information, defendant Planator Gear Shift Company has acquired some alleged sales interest from the Starr Transmission Company.

Under the issue then proposed by the complaint, considered in connection with the ex-

press declaration in the verified petition of the Perfecto Company that it has authorized the defendant Starr Transmission Company, as its licensee, to do acts which the plaintiff claims amount to infringement, it at once appears that the Perfecto Company is in a position of an adversary towards the Ruckstell Sales & Manufacturing Company, and is hostile to the success of plaintiff's action. In such a state of the case, the rule that a licensee may not sue without joining the owner of the patent rights must be receded from; for, when the patent owner becomes himself an infringer against the right of his licensee, he cannot, nor can those confederating with him, be heard to object in a court of equity to the licensee pursuing the remedy open to him, to prevent injury to or the destruction of the license right, even though the licensee be the sole plaintiff.

"Here, however, the patentee is the infringer, and, as he cannot sue himself, the licensee is powerless, so far as the courts of the United States are concerned, unless he can sue in his own name. A court of equity looks to substance rather than form. When it has jurisdiction of parties it grants the appropriate relief without regard to whether they come as plaintiff or defendant. In this case the person who should have protected the plaintiff against all infringements has become himself the infringer. He held the legal title to his patent in trust for his licensees. He has been faithless to his trust, and courts of equity are always open for the redress of such a wrong. This wrong is an infringement." Littlefield v. Perry, 88 U. S. (21 Wall.) 205, at page 223 (22 L. Ed. 577).

Both under the allegations of the complaint and the admissions made by the Perfecto Company, the court has jurisdiction over the latter; hence there is no condition present which will prevent the licensee from obtaining such a remedy as the pleaded facts warrant, and as he may upon trial be found entitled to.

[2] That the hostile interest of the Perfecto Company concerns only the Dickman and Jackson patents does not change the legal situation. The Perfecto Company cannot be aligned in the divided capacity of both a plaintiff and a defendant.

[3] The license agreement, after enumerating the patent devices by patent numbers covered by the license, contains the further provision that the license shall include "inventions embodying any improvements on said several inventions, or any of them, and which said improvements the first party (Perfecto Company) may own during the life of this license." It was suggested at the argument by counsel for the Perfecto Company that the Dickman and Jackson patents, under which it had given licenses to certain defendants hereinbefore named, did not embody improvements on inventions licensed to the Ruckstell Sales & Manufacturing Company. That question will be one of the issues to be tried, which cannot be prejudged upon the motion to dismiss the Perfecto Company from the suit. If it were proper to determine the fact in accordance with the argument last adverted to, it would leave the Perfecto Company without an adversary interest against the plaintiff.

[4] From the conclusions expressed, it follows that the Perfecto Gear Differential Company should be made a party defendant, rather than a party plaintiff.

[5] Application was heretofore made ex parte to the court on behalf of the defendants for an order staying proceedings until 10 days after the ruling should be made upon the motion hereinbefore considered. The order was made in accordance with the application. That application, irrespective of the indorsement found on the order that counsel was appearing specially for the purpose named only, became a general appearance, and operates to bind all of the defendants so represented.

It is ordered that the motion of the Perfecto Gear Differential Company be granted to the following extent; that is, the Perfecto Gear Differential Company is by this order made a party defendant to this suit and dismissed hence as a plaintiff. It is further ordered that the order staying proceedings heretofore made be, and it is, vacated, and it is now ordered that all defendants, within 15 days from the date of the filing of this order, file herein their answer to the bill of complaint, or their motion to dismiss the same, as they may be advised.