STEVE SHUSHEREBA, Respondent, *v.* BETTY W. AMES, Appellant.

(Submitted January 7, 1931; decided February 10, 1931.)

*Joseph R. Webster* for appellant. Jurisdiction was not acquired of defendant, because plaintiff did not file defendant's return receipt. (*Korn* v. *Lipman*, 201 N. Y. 404; *Cohnfeld* v. *Bliss*, 174 App. Div 434; 220 N. Y. 681; *O'Connor* v. *Gallagher*, 104 App. Div. 492; *Mecca* v. *Young*, 133 Misc. Rep. 540; *Pawloski* v. *Hess*, 274 U. S. 352; *O'Tier* v. *Sell*, 226 App. Div. 434; 252 N. Y. 400; *Gesell* v. *Wells*, 240 N. Y. Supp. 628.) Section 52 of the Vehicle and Traffic Law is unconstitutional, if the filing of an agent's return receipt sufficiently complied with its requirements. (*Hess* v. *Pawloski*, 274 U. S. 352; *O'Connor* v. *Gallagher*, 104 App. Div. 492; *Mecca* v. *Young*, 133 Misc. Rep. 540; *Cohnfeld* v. *Bliss*, 220 N. Y. 681.)

*Wilbur F. Knapp* and *Burton W. Sly* for respondent. The court obtained jurisdiction of the defendant. (*Gesell* v. *Wells*, 229 App. Div. 11; *O'Tier* v. *Sell*, 226 App. Div. 434; 252 N. Y. 400.) Section 52 of the Vehicle and Traffic Law is constitutional. (*O'Tier* v. *Sell*, 226 App. Div. 434; 252 N. Y. 400; *Hess* v. *Pawloski*, 274 U. S. 352; *Gesell* v. *Wells*, 229 App. Div. 11.)

LEHMAN, J. The defendant, appearing specially, has moved to set aside the service of the summons and com-

plaint in an action to recover damages for injuries suffered through a collision with an automobile which, it is alleged, the defendant negligently operated upon a public highway in this State. The defendant is a resident of California. The summons was not served upon her personally within the State of New York. In accordance with the provisions of section 52 of the Vehicle and Traffic Law (Cons. Laws, ch. 71), it was served here upon the Secretary of State as the attorney of the defendant to receive such service. True, the defendant did not expressly appoint the Secretary of State her attorney, but, under the statute, operation of a motor vehicle within this State by a non-resident " shall be deemed a signification of his agreement that any such summons * * * which is so served shall be of the same legal force and validity as if served on him personally within the State."

In order to insure that a defendant so served shall receive actual notice of the action, the statute provides that such service shall be sufficient only " provided that notice of such service and a copy of the summons are forthwith sent by registered mail by the plaintiff to the defendant, and the defendant's return receipt, the plaintiff's affidavit of compliance herewith, and a copy of the summons and complaint are filed with the clerk of the court in which the action is pending." Where the statute has been complied with and the defendant has received actual notice, a judgment rendered is in accordance with due process of law. (*Hess* v. *Pawloski*, 274 U. S. 352; *Gesell* v. *Wells*, 229 App. Div. 11; affd., 254 N. Y. 604.) Here the plaintiff has filed an affidavit intended to show compliance with the s tatute. It alleges that a copy of the summons was forthwith forwarded to the defendant by registered mail, and that " hereto is attached the return receipt therefor from the defendant." The return receipt is upon the usual post-office form. It bears a space for the " signature or name of addressee." In that space appears the defendant's name. Below is a

space for the " signature of Addressee's Agent." In that space appears the name W. H. Ames. The defendant does not allege that she did not receive a copy of the summons by registered mail, and does not allege that she did not sign the receipt either personally or by her agent. Her motion to dismiss is based upon the sole ground that the return receipt is insufficient on its face.

We will assume, though the fact does not clearly appear, that the return receipt is not signed by the defendant personally but by W. H. Ames, claiming to be her agent. The question, then, to be decided is whether service under the statute is insufficient unless the return receipt is signed by the defendant personally. The purpose of the statute is accomplished when a defendant receives notice of the pendency of the action and opportunity to defend. It requires that notice should be sent by registered mail, and that the defendant's return receipt should be filed in order that the court, before it attempts to exercise jurisdiction, shall have assurance that such jurisdiction has in fact been acquired. After the notice has been intrusted to the mail, the plaintiff has no control over the manner of its delivery. He cannot by affidavit show that it has actually been delivered to the defendant, or even at the defendant's address. As a substitute for proof of service of notice by the affidavit of the party making such service, the statute provides for the kind of proof which is unquestioningly accepted in the ordinary affairs of life. The statute requires that the " defendant's return receipt " shall be filed. It does not expressly or by fair implication require that the " defendant's return receipt " shall be signed personally by the defendant. The requirement is fully complied with by filing a " return receipt " given in accordance with the rules or customs of the Post-Office Department by the defendant or by some other person authorized to receive registered mail addressed to the defendant. The Legislature cannot have intended that the " defend-

ant's return receipt " should have any narrower or different meaning. It provides for transmission of notice by registered mail — a method which, with almost absolute certainty, insures delivery to the place of address, and the return receipt of the addressee made out in accordance with the forms provided by the Post-Office Department affords, at least, reasonable certainty that the notice has been delivered to the proper person. The receipt is no less the defendant's receipt if signed by the defendant's agent than if signed by himself.

It may, it is true, be urged that the assertion of authority by the person signing as agent of the defendant is no proof that such authority exists. With equal force it might be urged that the filing of a return receipt which purports to be signed by the defendant does not prove the genuineness of the signature. In both cases there may be a possibility that the return receipt is in fact not the " defendant's return receipt " and that the notice was not received by the defendant or his agent. That possibility is not so great that the court may not assume, at least, in the absence of contrary assertion by the defendant, that the notice was delivered by the Post-Office Department to the person to whom it was addressed or to one authorized to receive mail in his behalf. A different question would be here if the defendant had chosen, or, perhaps, been in a position to make such an assertion. If the defendant authorized an agent to receive and receipt for registered mail, then the return receipt signed by the agent is the " defendant's return receipt," within the meaning of the statute. Even where the agent acted without prior authority, the receipt thereafter by the defendant of notice transmitted through the agent might constitute ratification of the ag ncy.

The allegation in the complaint that the defendant, a non-resident, operated a motor vehicle on a public highway in this State may in fact be untrue. If so, the foundation for service of the summons in accordance

with section 52 of the Vehicle and Traffic Law must fall. The return receipt which purports to be signed by the defendant or her agent may in fact not be the defendant's return receipt. Questions may at times aiise whether the court, in acting upon allegations or assertions, has not been misled into an assumption of jurisdiction over the person of a defendant which it has never acquired. We are not now concerned with such a question. The statute plainly intends that the court shall act upon such allegations or assertions. Any other construction would not only fail to accord with the language of the statute but would make the statute impractical and ineffective. The statute, fairly construed, provides a method by which the court can act with almost complete assurance that the defendant has received notice of the action and opportunity to defend, and that jurisdiction of the person of the defendant has been acquired. If the court is deceived, then its judgment may be void. The statute is not unconstitutional when it authorizes the court to proceed upon assumptions which rest firmly upon general experience and accord with probability — at least until those assumptions are challenged. The motion to dismiss was, theiefore, properly denied.

The order should be affirmed, with costs. The questions certified should be answered as follows: Questions 1 and 2, " Yes," question 3, " No."

Cardozo, Ch. J., Pound, Crane, O'Brien and Hubbs, JJ., concur; Kellogg, J., not sitting.

Order affirmed, etc.