ELWIN HART, Respondent, v. ABRAHAM WIENER, Appellant, Impleaded with STANLEY M. ROSBUSKI, JR., Defendant.

Fourth Department, January 10, 1940.

*McGowan & Stolz* [*Max L. Stolz* of counsel], appearing specially for the appellant.

*Edward T. Wilber*, for the respondent.

PER CURIAM. The summons herein was served upon the non-resident defendant by delivering a copy thereof to the Secretary of State and by sending by registered mail to the defendant notice of such service and a copy of the summons and complaint. An affidavit by plaintiff of compliance with section 52 of the Vehicle and Traffic Law was filed in the county clerk's office. It appears that the summons was delivered to the Secretary of State by the plaintiff. A motion to set aside the service was made upon the ground that the Civil Practice Act (§ 220) does not permit a summons to be served by a party to the action. However, the summons and notices required by section 52 of the Vehicle and Traffic Law to be served and mailed in order to acquire jurisdiction of the defendant, may be served and mailed by the plaintiff in this action. (*Shushereba* v. *Ames*, 255 N. Y. 490.) In that case the affidavit of service states that the "plaintiff * * * forwarded to and left with the Secretary of State, Albany, N. Y., a true copy of the summons." A motion to set aside the service of the summons was denied although the question that it was served by a party to the action was not raised. The Court of Appeals did answer in the affirmative the certified question as to whether the court obtained jurisdiction of the defendant "by the service of the summons as made upon her."

The language of section 52 of the Vehicle and Traffic Law, to the effect that the affidavit of compliance shall be made by the plaintiff, shows clearly that it was intended that the plaintiff in an action referred to in such section might forward to or leave with the Secretary of State the summons in such an action. The statute clearly states that notice of such service and a copy of the summons and complaint shall be sent to the defendant "by the plaintiff" by registered mail.

It is evident that it was the intention of the Legislature that the method of service of the summons upon the defendant in an action specified in section 52 of the Vehicle and Traffic Law should not be limited or modified by section 220 of the Civil Practice Act.

The order should be affirmed, with ten dollars costs and disbursements.

All concur. Present — CROSBY, P. J., CUNNINGHAM, TAYLOR and DOWLING, JJ.

Order affirmed, with ten dollars costs and disbursements.