## DUSMINSKI v. LADENHEIM.

### Civ. A. No. 2396.

District Court, E. D. New York.

Feb. 4, 1942.

Alfred T. Rowe, of New York City, for plaintiff (opposed).

Robinson, Hennessy & McGrath, of New York City (Joseph S. Robinson, of New York City, of counsel), for defendant (for motion).

BYERS, District Judge.

This is a motion by defendant to dismiss the action or in the alternative for an order quashing the return of the service of the summons, for alleged defective service. The action is to recover damages for personal injuries caused by the nonresident defendant's automobile on a public highway.

The affidavit of service of the summons recites that the affiant, being over the age of eighteen years, on December 1, 1941, "served a copy of the within summons and complaint upon the defendant herein, Edward L. Ladenheim, by registering a copy with prepaid postage on the envelope thereof, and mailing the same to him at his address at Annapolis, Maryland. A receipt of said registered letter is hereto attached. That thereafter, on said day I mailed a copy of said summons and complaint to the Secretary of State together with a check for $2.00 for filing the same which has been

since, acknowledged". Attached thereto is a registered letter receipt bearing a signature which looks as though it might be that of defendant, dated December 3, 1941.

The motion is pressed on the theory that service was not made according to the provisions of section 52 of the Vehicle and Traffic Law of the State of New York.

The presently important portion of that statute reads as follows: "Service of such summons shall be made by leaving with, or mailing a copy thereof to the secretary of state at his office in the city of Albany, or by personally delivering a copy thereof to one of his regularly established offices, with a fee of two dollars, and such service shall be sufficient service upon such nonresident provided that notice of such service and a copy of the summons and complaint are forthwith sent by or on behalf of the plaintiff to the defendant by registered mail with return receipt requested. * * * The foregoing papers shall be filed within thirty days after the return receipt or other official proof of delivery or the original envelope bearing a notation of refusal, as the case may be, is received by the plaintiff. Service of process shall be complete ten days after such papers are filed."

The summons, to which the registered letter receipt is attached, bears the file mark of the clerk of this court of December 6, 1941, so that the paper was timely filed, but the affidavit of service does not indicate that the statute was literally complied with, in that the copy of the summons mailed to the secretary of state was not put in the mails until after a copy of the summons and complaint was mailed to the defendant by registered mail; that is, notice of such service (i. e. service upon the secretary of state) was not sent to the defendant by registered mail, with a copy of the pleadings and process.

That this law must be strictly construed, since it is in derogation of the common law, see Vecchione v. Palmer, 249 App.Div. 661, 291 N.Y.S. 537, and cases therein cited.

It is not for this court to decide that the omission of the notice was unimportant, since the terms of the statute explicitly require that it be given.

As to the efficacy of service upon the Secretary of State within this state, but beyond the confines of this district, decision is not presently required.

The motion to quash service, for failure to show compliance with the statute, is granted.

Settle order.