GERALDINE L. THOMPSON et al., Plaintiffs, *v.* MARSHALL MUNDHEIM, Defendant.

Supreme Court, Special Term, New York County, June 18, 1943.

*Maurice R. Roche* for defendant.

*Isaac Gluckman* for plaintiffs.

EDER, J. Motion to vacate order for service of summons by substitution and service of summons thereunder on the ground that the defendant was not a resident of this State prior to and at the time said order was made and the summons served is granted. The order was made on April 9, 1943, and pursuant

thereto service of the summons and complaint herein was effected on or about April 10, 1943.

The evidence is ample that at the time of the commencement of this action the defendant was not a resident of this State and has not been since July 25, 1942. At the time of the commencement of this action he was a resident of the State of California and this since September 10, 1942, and his wife and children have been residents of California since November 10, 1942.

The plaintiff maintains, in opposition, that its proof tends to negative this claim and that a fair inference can be drawn therefrom that the defendant's present situs is merely one of convenience for the duration, he being an officer in the army and stationed in San Francisco. Without going into details, I am satisfied that the defendant's residence in California is *bona fide* and has been such all the time.

Regardless of circumstances from which one may draw different inferences and conclusions in that respect, in the first and last analysis residence is a matter of intent. " To effect a change of residence there must be an intent to abide in another place, accompanied by an actual going to that place and abiding there. While to constitute a person a resident of a State he must intend to make, and actually make, that State his home, it is not necessary that he shall have determined to make it always his home." (*Bump* v. *N. Y., N. H. & H. R. R. Co.*, 38 App. Div. 60, affd. 165 N. Y. 636.) The evidence satisfies me the defendant has brought himself within the rule thus laid down.

The plaintiff argues that the defendant's domicile is in New York, but I do not see what difference that would make, assuming this to be so. There is a difference in meaning between residence and domicile, and, while those terms are commonly construed as synonymous, they are not necessarily so. One may have his residence in one place and his domicile in another; as to domicile it is that place in which one has voluntarily fixed his abode with a present intention of making it his permanent home. Residence is a place of abode and is of a temporary character, and the fact that it is such makes it in law no domicile; these rules are so well established citation of authority is unnecessary. And as far as proof goes, California appears to be also the defendant's new domicile.

The element of residence, not domicile, is the basic factor here. Section 230 of the Civil Practice Act requires that the defendant shall be a resident, that he must reside " within the state "; domicile is not an element, and if he is not such a

resident no order under it can be obtained for substituted service of the summons.

Two other points are made in opposition: that the defendant by applying for a stay of proceedings thereby waived the point of improper service and that it is equivalent to a general appearance in the action; the other is to like effect, when he applied for and obtained an extension of time to answer, and the fact that the defendant has indorsed his papers as appearing specially does not change the effect of applying for and obtaining such relief.

I do not concur in this premise. Where an extension of time to answer is merely incidental to or part of any special appearance or motion attacking the complaint and service thereof on jurisdictional grounds, no waiver results. It is otherwise where that is not the case (*Braman* v. *Braman*, 236 App. Div. 164); and the same principle applies where the stay is obtained as merely incidental to or part of a special appearance. I do not regard *Ruckstell Sales & Mfg. Co.* v. *Starr Transmission Corp.* (13 F. 2d 478, 480), holding *contra*, as a correct exposition of law, and in the absence of a controlling ruling to which this court is required to submit, I am not disposed to follow it. Defendant is entitled to the relief sought. Settle order.