CLAY E. REED, an Infant, by HENRY E. REED, Her Guardian ad Litem et al., Plaintiffs, *v.* SAM LOMBARDI, Defendant.

Supreme Court, Special Term, Kings County, September 29, 1943.

*Daniel Mungall* for defendant appearing specially.

*David E. Toplitz* for plaintiffs.

HALLINAN, J. In this personal injury action the plaintiff served the summons in accordance with section 52 of the Vehicle

and Traffic Law. The defendant, appearing specially by an attorney, seeks an order vacating and setting aside such service.

The defendant was inducted into the military service of the United States on January 1, 1943, and with the exception of the first four days of such service he has been stationed outside of the State of New York. He contends that for all legal purposes he continued to be a resident of Brooklyn, N. Y., and that, since section 52 of the Vehicle and Traffic Law is concerned only with the service of a summons on nonresidents, the service upon him pursuant thereto was improper, citing *Marano* v. *Finn* (155 Misc. 793).

Section 52-a of the Vehicle and Traffic Law (added L. 1941, ch. 248, eff. April 11, 1941) provides as follows: " § 52-a. *Service of summons on residents who depart from state.* The provisions of section fifty-two of this chapter shall also apply to a resident who departs from the state subsequent to the accident or collision and remains absent therefrom for thirty days continuously, whether such absence is intended to be temporary or permanent.''

This section was enacted upon the recommendation of the Judicial Council of the State of New York for the purpose of resolving a conflict of decisions construing former section 52-a of the Vehicle and Traffic Law. These decisions, including the *Marano* case (*supra*), are found in the note on page 41 of the Judicial Council's Seventh Annual Report and Studies (1941), the concluding paragraph of which is as follows: " The Council recommends that the conflict in the decisions be resolved by making it clear that the statute is applicable to any absence for more than thirty days, whether temporary or permanent.''

It is clear from the language used in the statute itself and from the note of the Judicial Council set forth above, that the intent was to make section 52 of the Vehicle and Traffic Law applicable in actions against New York motorists whose activities take them outside the State for thirty days continuously for any reason, irrespective of whether such absence is intended to be temporary or permanent. The fact that the instant defendant's absence is due to his military service does not except him from the provisions of the statute. As a domiciliary of the State of New York, absent therefrom for more than thirty days, he clearly comes within its purview. Accordingly, his motion to vacate the service of process upon him must be denied, with leave to serve his appearance within ten days of the service of the order hereon. Submit order.