Leo Lerman, Plaintiff, v. Nathan Copperman et al., Defendants.

Supreme Court, Special Term, New York County, October 23, 1944.

*John G. Schuettinger,* defendant in person appearing specially.

*John P. Smith* for plaintiff.

Pecora, J. An order for substituted service pursuant to section 230 of the Civil Practice Act was granted herein upon facts showing that the moving defendant was in the United States Navy, had been assigned to service in the State of Maryland and when he came home it was ordinarily on a Sunday; that consequently service of process had not been effected after diligent effort. Motion is now made by said defendant, appearing

specially, to vacate the order upon the ground that defendant had enlisted in the United States Navy in 1942, and has been continuously stationed and has resided at Piney Point, Maryland, since October, 1942, and that he was home on a short leave when the accident giving rise to plaintiff's cause of action occurred. The action is based upon personal injuries alleged to have been sustained by plaintiff on March 5, 1944, when a motor vehicle in which plaintiff was a passenger was involved in a collision with an automobile which it is alleged was owned and operated by the moving defendant.

I hold that when section 230 of the Civil Practice Act refers to service upon a "natural person residing within the state" such residence includes bodily presence in the State. Merely establishing domicile is not sufficient, where it appears that the residence or place of abode is without the State. Thus in any case involving a member of the armed forces, while he may retain his domicile in the State of his home at the time he entered into the service, it is clear that his actual residence is changed to the place where he is stationed. Substituted service under those conditions upon a member of the armed forces would not be proper within the meaning of section 230 of the Civil Practice Act because he would not be a person "residing within the state." (See *Thompson* v. *Mundheim,* 180 Misc. 1002, affd. 266 App. Div. 1001; *East Brooklyn Savings Bank* v. *Berkin,* N. Y. L. J., Jan. 2, 1943, p. 13, col. 1; *Robinson* v. *Five One Five Associates Corp.,* 180 Misc. 906.).

Reaching the conclusion that substituted service cannot be employed in such instances does not leave a plaintiff without a remedy to obtain jurisdiction. Apart from service without the State, there are the provisions of section 52-a of the Vehicle and Traffic Law which would apply to persons domiciled in the State who reside without the State after an accident has occurred in this State. Section 52-a of the Vehicle and Traffic Law has been held applicable to persons inducted into military service and stationed outside the State of New York. (*Reed* v. *Lombardi,* 181 Misc. 805; *McNally* v. *Howard,* 45 N. Y. S. 2d 7.)

Motion to vacate order for substituted service is granted, and the attempted service of the summons and complaint thereunder is declared ineffective. Settle order accordingly.