Benjamin Brenner, J.
Plaintiffs move for leave to serve and file a supplemental summons nunc pro tunc as of February 24, 1953.
The action is one to recover damages for personal injuries and death as a result of an automobile accident which occurred on November 26,1950. A summons was filed with the Secretary of State on February 24, 1953 pursuant to sections 52 and 52-a of the Vehicle and Traffic Law which provide for obtaining jurisdiction over a resident motorist who removes from the State subsequent to the accident and remains absent therefrom for 30 days continuously.
*965 The defendant was in the military service from January, 1951 to January, 1953 and although the aforesaid provisions of the Vehicle and Traffic Law apply to persons inducted into the military service and stationed outside the State (Lerman v. Kopperman, 183 Misc. 352; McNally v. Howard, 45 N. Y. S. 2d 7), it does not appear, nor is it claimed that the defendant was outside the State and in the military service when the summons was filed with the Secretary of State. It is in fact asserted on behalf of the defendant, that although the United States Army did officially separate the defendant from service effective as of January, 1953, he was actually relieved from duty and returned to Brooklyn on May 21, 1952, from which time he was available within the jursidiction of this court for personal service. Under these circumstances, the service of the summons upon the Secretary of State was ineffective to acquire jurisdiction of the defendant.
Even assuming arguendo that the defendant had been for 30 days and still was outside the State on February 24, 1953, the record does not justify the relief sought under section 105 of the Civil Practice Act. Under the relevant provisions of sections 52 and 52-a of the Vehicle and Traffic Law the requirements for service upon the Secretary of State include payment of a fee, mailing of notice, summons and complaint to defendant by registered mail and the filing of same and an affidavit of compliance with the clerk of the court. Except that a summons was filed with the Secretary of State the plaintiffs have failed to comply with all the other requirements set forth in the statute as aforesaid. Under section 105 of the Civil Practice Act such failure cannot be disregarded as an excusable omission or inadvertence of minor detail.
It is also worthy of note that a supplemental summons is one which is permitted to be issued where an additional party is sought to be brought into the action. What is really sought here is not leave to serve a supplemental summons but rather leave to substitute a new summons and complaint. That relief is not available under section 105 of the Civil Practice Act.
Accordingly, the motion is in all respects denied. Settle order on notice.