**Adolph KOHLER, Plaintiff,**

v.

**Paul DERDERIAN, Defendant.**

United States District Court
S. D. New York.

Sept. 16, 1960.

Zuckerberg & Zuckerberg, New York City, for plaintiff. William Zuckerberg, New York City, of counsel.

Grenville T. Keogh, Jr., New Rochelle, N. Y., for defendant.

DAWSON, District Judge.

Defendant has filed a special appearance and moved that service be quashed because of insufficiency of process and insufficiency of service of process.

The case concerns a suit by a New York resident against a nonresident motorist. Section 52 of the Vehicle and Traffic Law,[1] in pertinent part, provides:

"§ 52(a) * * * Service of [the summons on nonresidents] shall be made by mailing a copy thereof to the secretary of state at his office in the city of Albany, or by personally delivering a copy thereof to one of his regularly established offices, with a fee of two dollars, and such service shall be sufficient service upon such nonresident provided that notice of such service and a copy of the summons and complaint are forthwith sent by or on behalf of the plaintiff to the defendant by registered mail with return receipt requested. The plaintiff shall file with the clerk of the court in which the action is pending, or with the judge or justice of such court in case there be no clerk, an affidavit of compliance herewith, a copy of

1. Now McKinney's Consol.Laws, c. 71, Vehicle and Traffic Law, § 253.

the summons and complaint, and either a return receipt purporting to be signed by the defendant or a person qualified to receive his registered mail, in accordance with the rules and customs of the post-office department; or, if acceptance was refused by the defendant or his agent, the original envelope bearing a notation by the postal authorities that receipt was refused, and an affidavit by or on behalf of the plaintiff that notice of such mailing and refusal was forthwith sent to the defendant by ordinary mail * * *. The return receipt or other official proof of delivery shall constitute presumptive evidence that the summons mailed was received by the defendant or a person qualified to receive his registered mail; and the notation or refusal shall constitute presumptive evidence that the refusal was by the defendant or his agent."

In the case at bar, proper service was made upon the secretary of state and notice of such service, together with a copy of the summons and complaint, were sent by registered mail to the defendant, Derderian, with return receipt requested. This letter was returned marked "Moved, Left no address;" whereupon a second letter was mailed and returned in the same fashion. Attempts by plaintiff and the defendant's insurance company to locate Derderian have been unsuccessful.

The statute contains two requirements: one, that the summons shall be mailed to the secretary of state, and two, that notice of such service upon the secretary shall be mailed to the nonresident defendant. Section 52 of the statute details the methods of proof of the notice. The return receipt, signed by the defendant or his agent, or refused by the defendant or his agent, is presumptive evidence of notification and a prerequisite to the court's jurisdiction. Here the defendant was not located. As a result there was no actual notice and therefore no return receipt was possible.

The case presents a pointed question of law: Must the defendant *either* receive or refuse the notice?—i. e., has the plaintiff any recourse if the defendant cannot be found and notified of the action, pursuant to § 52?

■■■ The nonresident motorist statute, § 52, is in derogation of the common law and must be strictly construed. Mulligan v. Jersey Truck Renters, N.Y.City Ct.1949, 196 Misc. 828, 95 N.Y.S.2d 232; Balter v. Webner, N.Y.City Ct.1940, 175 Misc. 184, 23 N.Y.S.2d 918. In Dusminski v. Ladenheim, D.C.E.D.N.Y.1942, 43 F.Supp. 139, where copy of the summons was mailed to the secretary of state but notice of such service was not sent to the defendant by registered mail with the copy of the pleadings and process, the court upheld the motion to quash service, saying:

"It is not for this court to decide that the omission of the notice was unimportant, since the terms of the statute explicitly require that it be given." Id. at page 140.

It is firmly established that where the return receipt is not signed and therefore not returned, this failure to conform with the provisions of § 52 is fatal to the action. Dwyer v. Shalck, 2d Dept.1931, 232 App.Div. 780, 248 N.Y.S. 355; Robinson v. D'Odom, 1956, 2 Misc.2d 963, 150 N.Y.S.2d 700. Jurisdiction in nonresident motorist cases rests on notice having been given the defendant. See, Tennant v. Farm Bureau Mutual Automobile Ins. Co., 4th Dept.1955, 286 App.Div. 117, 121, 141 N.Y.S.2d 449, 452; Hayuk v. Hallock, 1958, 11 Misc.2d 1086, 172 N.Y.S.2d 19, 22.

■■■ The statute contemplates and in fact requires actual notice. Shushereba v. Ames, Ct.App.1931, 255 N.Y. 490, 492, 175 N.E. 187.

"In order to insure that a defendant so served shall receive actual notice of the action, the statute provides that such service shall be sufficient only 'provided that notice of such service and a copy of the summons are forthwith sent by regis-

tered mail by the plaintiff to the defendant and the defendant's return receipt, the plaintiff's affidavit of compliance herewith, and a copy of the summons and complaint are filed with the clerk of the court in which the action is pending.' Where the statute has been complied with and the defendant has received actual notice, a judgment rendered is in accordance with due process of law * * *." Id. 255 N.Y. at page 492, 175 N.E. at page 187.

The actual notice requirement is supported by the Supreme Court in Hess v. Pawloski, 1927, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091, and Wuchter v. Pizzutti, 1928, 276 U.S. 13, 48 S.Ct. 259, 57 A.L.R. 1230. Citing McDonald v. Mabee, 1917, 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608, the Court in Hess said that a personal judgment rendered against a nonresident who had neither been served with process nor appeared in the suit was without validity. The nonresident motorist statute was upheld after the Court found that the statute required actual notice of service and process be received by the nonresident motorist.

The New York statute may well have been framed in view of Chief Justice Taft's opinion in Wuchter.

"The question made in the present case is whether a statute, making the secretary of state the person to receive process, must, in order to be valid, contain a provision making it reasonably probable that notice of the service on the secretary will be communicated to the nonresident defendant who is sued. Chapter 232 of the Laws of 1924 makes no such requirement and we have not been shown any provision in any applicable law of the state of New Jersey requiring such communication. We think that a law with the effect of this one should make a reasonable provision for such probable communication. We quite agree, and, indeed, have so held in the Pawloski case, that the act of a nonresident in using the highways of another state may be properly declared to be an agreement to accept service of summons in a suit growing out of the use of the highway by the owner of the automobile, but the enforced acceptance of the service of process on a state officer by the defendant would not be fair or due process unless such officer or the plaintiff is required to mail the notice to the defendant, or to advise him, by some written communication, so as to make it reasonably probable that he will receive actual notice. Otherwise, where the service of summons is limited to a service on the secretary of state or some officer of the state, without more, it will be entirely possible for a person injured to sue any nonresident he chooses, and through service upon the state official obtain a default judgment against a nonresident who has never been in the state, who had nothing to do with the accident, or whose automobile having been in the state has never injured anybody. A provision of law for service that leaves open such a clear opportunity for the commission of fraud (Heinemann v. Pier, 110 Wis. 185 [85 N.W. 646] ) or injustice is not a reasonable provision, and in the case supposed would certainly be depriving a defendant of his property without due process of law * * *." Wuchter v. Pizutti, 276 U.S. 13, 18–19, 48 S.Ct. 259, 260.

Although this is a case of first impression in the specific construction of § 52, the matter was discussed in dicta by the New York Supreme Court in Harvey v. Fussell, 13 Misc.2d 602, 177 N.Y.S.2d 234, affirmed 2d Dept.1958, 7 A.D.2d 742, 181 N.Y.S.2d 198 where the court said:

"In the instant case, it will be noted that plaintiff's original attempt to serve the defendant, pursuant to section 52, was frustrated because it was impossible to obtain either a return receipt or the return of the original envelope bearing a notation. that it was 'refused'. De-

fendant neither accepted nor refused it. She had merely moved away leaving no address. Without proof of such receipt or refusal, service on the Secretary of State in and of itself did not have the same 'legal force and validity as if served personally' on the defendant within the state * * *." Id. 177 N.Y.S.2d at page 237.

■■ To hold that notice is not necessary would appear to be a denial of due process. This the statute guards against by requiring that a return receipt be filed with the court as proof of actual notice or refusal to accept notice by the defendant or his agent. This has not been done here. The statutory requirements not having been complied with, process is found insufficient and the motion to quash service is granted. So ordered.