Sidney A. Fine, J.
This motion for reargument is granted. It seems clear that counsel for respondent did note a special appearance at the time he requested an adjournment, for the purpose of making the motion required by section 237-a of the Civil Practice Act. There has been no general appearance by respondent, since the request for an adjournment was made as an incident to a special appearance and was promptly followed up by the motion to vacate service, pursuant to section 237-a of the Civil Practice Act, for lack of jurisdiction of the person of respondent. Where an adjournment is obtained as an incident to a special appearance, it is not a waiver of the right to attack the jurisdiction (Thompson v. Mundheim, 180 Misc. 1002, 1004). The contention, that an affidavit submitted by the respondent makes references to the merits of the controversy between the parties and therefore constitutes a waiver of the special appearance, is overruled. The affidavit was submitted solely for the purpose of attempting to establish that the contract containing the arbitration provisions had been procured by fraud, it being respondent’s contention that it is, therefore, not bound by the arbitration provisions. No attempt was made to oppose the arbitration on the merits, notwithstanding the references to the merits in the affidavit above referred to. A special appearance is waived by opposing the relief sought on grounds relating to the merits, but not by mere references to the merits, which are not made the basis of opposition to the relief sought.
In Matter of Gantt (Hurtado & Cia) (297 N. Y. 433) the contract made in North Carolina provided for arbitration which “ shall be held in New York, N. Y.” (p. 436). The Court of Appeals declared that an agreement for arbitration “ relates to the law of remedies, and the law that governs remedies is the law of the forum ” (p. 439). Accordingly, the court affirmed an order denying motion to stay arbitration although, under North Carolina law, a contract to arbitrate future controversies would not be enforced. It is true that the court indicated that if the provision for arbitration were absolutely void under North Carolina law, a different conclusion would have been reached. However, it is important to note an important distinction between the Gantt case (supra) and the case at bar. In the Gantt case, although the contract provides for the holding of the *425 arbitration in New York, it did not provide that the courts of this State should have jurisdiction of the arbitration. It merely stated (p. 436) that “ This agreement shall be enforceable and judgment upon any award rendered by the arbitrators or a majority of them may be entered in any Court having jurisdiction” (emphasis supplied). In the instant-case, by contrast, the contract stipulates “ That any application by either side for the appointment of an arbitrator * * * shall be made in the Supreme Court of the State of New York, County of New York, and that said court shall have jurisdiction over every party in connection with any such arbitration”. The quoted language evinces that the parties clearly intended New York law to govern as to the arbitration provisions of the contract. The case of Auten v. Auten (308 N. Y. 155) cited by respondent, is distinguishable. There the contract contained no express provisions to which law was to control as to the matters in controversy between the parties. The court, in applying the law of the jurisdiction having the “ most significant contacts ” (p. 160) with the problem, stated that it was thereby enabled (p. 161) “ to give effect to the probable intention of the parties ” (emphasis supplied). Where, as here, the express provisions of the contract indicates that tire actual intention of the parties was that New York law should control as to arbitration, these provisions would seem to be controlling — all the more so because (1) arbitration relating to the question of remedies, is governed by the law of the forum, and (2) the place of the making of the contract was New York. It is to be noted also that the problem in the Auten case {supra), related to the question of performance and breach, so that, as the court pointed out (p. 163) the result there would have been the same had the traditional rule been applied thatmatters of performance and breach are governed by the law of the place of performance ”. In the case now before the court, the question involved is the validity of the arbitration clause, which under, the traditional rule of the majority of the cases, is “ determined by the law of the place where the contract is made ” (p. 160) and which, in addition, relates to the law of remedies, which is traditionally the law of the forum.
The parties having expressly indicated their intent that the arbitration clause should be construed according to the law of New York where one of them resides a'nd where the contract was made, there appears to be no valid reason for frustrating their desire and holding that some other law shall apply.
The claim that the contract was procured through fraud and that it is, therefore, not binding on respondent is not shown *426 to possess merit. Respondent’s claim is really not that the contract signed was not to be a contract at all, but rather that the provisions of the contract between the parties were different from those contained in the signed document. (Such a claim violates the parol evidence rule.
The original determination denying the motion to vacate service, is accordingly adhered to. Respondent may answer on the merits within ’5 days from the service of a copy of this order with notice of entry. The prior determination of the motion to compel arbitration is likewise adhered to.