414 P.2d 169

George STINSON, Appellant,

v.

Gene J. JOHNSON and Jane Doe Johnson,
his wife, Appellees.

No. I CA–CIV II3.

Court of Appeals of Arizona.

May 9, 1966.

Rehearing Denied June 7, 1966.

Edmond J. Brash and Robert B. Hunter,
by Robert B. Hunter, Phoenix, for appel-
lant.

Moore, Romley, Kaplan, Robbins &
Green, by Robert H. Green, Phoenix, for
appellees.

CAMERON, Judge.

This is an appeal from an order dismiss-
ing plaintiff's complaint and quashing the
service of summons.

We are called upon to determine the suf-
ficiency of service in a tort motor vehicle
case under 28–501 et seq., A.R.S., where the
registered letter mailed to a defendant has
been returned marked "Moved, left no ad-
dress".

The facts as are necessary for a deter-
mination of this matter on appeal are as
follows: Plaintiff and the defendant, Gene
J. Johnson, were involved in an automobile
accident on or about 28 November, 1962.
The defendant Gene Johnson had an Ari-
zona operator's license and an Arizona au-
tomobile registration. His address on the
accident report gave a Phoenix address.

On 14 November, 1963, a civil complaint
for personal injury was filed, but the de-
fendants were not served in the State of
Arizona. On 10 April, 1964, an affidavit
was filed indicating that the defendants
were at that time nonresidents of the State
of Arizona, and that the Superintendent of
Motor Vehicles had been served with a copy
of the alias summons and complaint for

each defendant. The affidavits of plaintiff filed 30 April, 1964, indicated that an attempt was made in November of 1963 to serve defendants, and that copies of the summons and complaint were mailed by registered mail to defendants' last known address in Chula Vista, California. The envelopes were returned with the notation, "Moved, Left no address". The record incates also that a copy of the summons was published in the Arizona Weekly Gazette for four successive weeks.

On 21 August, 1964, the defendants filed a motion to dismiss, and on 27 November, 1964, the lower court dismissed plaintiff's complaint and quashed the service.

█ It is the contention of appellants that valid service upon a nonresident motorist may be had under 28–501 et seq, A.R.S., giving the court jurisdiction without actual legal notice to the defendants. 28–502, subsection C, provides:

"The provisions of this section shall also apply to a nonresident defendant who was a resident of the state at the time of the accident or occurrence which gave rise to the action."

28–503 A.R.S. states in part as follows:

"A. Service of process under § 28–502 shall be made by leaving a copy of the summons and complaint and a fee of two dollars with the vehicle superintendent, or in his office during office hours, and shall be deemed sufficient service upon the nonresident if either of the following are complied with: 1. The plaintiff forthwith sends notice of such service and a copy of the summons and complaint by registered mail to the nonresident defendant, *appends defendant's return receipt* and plaintiff's affidavit of compliance with this section and § 28–502 to the original summons and files them with the court within such time as the court allows."

28–503 A.R.S. is supplemented by Rule 4(e)(5), Rules of Civil Procedure, 16 A.R.S. It is the contention of the defendants that before compliance with this statute, the defendants' return receipts must be filed with the court, and that the fact that defendants did not receive the registered letter renders the service ineffective. With this we have to agree.

█ We are concerned here as we were in the case of Knight v. Mewszel, Ariz. App., 413 P.2d 861, decided this day, with the distinction between legal notice and knowledge. In both cases, the defendants, by their appearance in the court showed a knowledge of the proceedings. In both cases, we hold that the failure to comply with the statutes and rules concerning legal notice to (or service of process upon) the defendants of a pending lawsuit denies the court jurisdiction to enter judgment against the defendants in the matter, despite the fact of knowledge of the lawsuit on the part of the defendants.

In a case considering a similar statute, the District Court of Appeal of Florida discussed the failure of the defendant to receive the registered mail as well as the knowledge of the defendant of the lawsuit by the fact that they moved to quash the process for insufficiency of service. The court said in that case:

"The appellees here contend that the appellant subjected himself to the jurisdiction of the court by his motion to dismiss the amended complaint to which he did not join a motion to quash process for insufficiency of service. * * * we feel compelled to conclude that a motion to dismiss, as well as a motion to quash, is appropriate to question the trial court's jurisdiction over the appellant upon the grounds of insufficiency of the service * * *. (citations)

"The remaining question for determination is whether or not the 'substitute' service in this case meets the requirement of the quoted statute. Statutes such as the one under consideration, providing for substituted service of process on nonresidents, are in derogation of the common law and must be strictly construed. (citations)" Lendsay v. Cotton, Fla..

App., 123 So.2d 745, 95 A.L.R.2d 1029, 1031, 1032 (1960).

And:

"Jurisdiction is dependent on proof of compliance with the nonresident motor vehicle statutes * * * Plaintiff argues that defendants' petition to vacate the judgment for lack of jurisdiction and the attack on the notices constituted such an appearance as to confer jurisdiction of the person. We do not agree. There has never been any participation or appearance by defendants sufficient to confer jurisdiction. Defendants' attack has been jurisdictional. It would be anomalous and a distortion of the statutes to say that a defendant by attacking a judgment void for lack of jurisdiction thereby conferred jurisdiction on the court, to proceed to trial on the merits. * * * A jurisdictional attack does not constitute a general appearance nor submission to the jurisdiction of the court except for the vacation of the judgment." Emery Transportation Company v. Baker, Iowa, 136 N.W.2d 529, 531 (1965).

As the annotations following 95 A.L.R.2d 1034 indicate, most American jurisdictions now have statutes providing for constructive or substituted service on nonresident motorists or upon residents who leave the state after an automobile accident:

"Insofar as return receipts are concerned, nonresident motorist statutes are of three general types, with many individual variations: (1) statutes requiring that notification of the suit be sent to the nonresident by registered mail; (2) statutes similar to the first type except that they also expressly require the filing of the nonresident's return receipt for the registered mail; and (3) statutes declaring that service on a designated state official shall be sufficient service on the nonresident, 'provided' or 'if' notification is sent to the nonresident by registered mail and the nonresident's return receipt is filed." 95 A.L.R.2d 1036.

▮ Arizona, it would appear, falls in the third category. In most cases it has been held that where the letter was undelivered because the nonresident had moved without leaving a forwarding address, service was not complete because the registered letter was not delivered to him. And although there is authority to the contrary, see Williams v. Egan, Okl., 308 P.2d 273 (1957), the weight of authority seems to be that the copy of the registered letter must be received before service is complete. In other words, legal notice as opposed to actual knowledge is required in order to comply with the substituted service provisions as provided in the Arizona statutes, 28–501 A.R.S. et seq., and 4(e) (3) and (5) of the Rules of Civil Procedure. It has been stated:

"The nonresident motor statute, § 52, is in derogation of the common law and must be strictly construed (citations omitted). * * * where copy of the summons was mailed to the secretary of state but notice of such service was not sent to the defendant by registered mail with the copy of the pleadings and process, the court upheld the motion to quash service, saying: 'It is not for this court to decide that the omission of the notice was unimportant, since the terms of the statute explicitly require that it be given.' * * It is firmly established that where the return receipt is not signed and therefore not returned, this failure to conform with the provisions of § 52 is fatal to the action. (citations omitted) Jurisdiction in nonresident motorist cases rests on notice having been given the defendant. (citations omitted) * * * To hold that notice is not necessary would appear to be a denial of due process. This the statute guards against by requiring that a return receipt be filed with the court as proof of actual notice or refusal to accept notice by the defendant or his agent. This has not been done here. The statutory requirements not having been complied with, process is found insufficient and the motion to quash service is granted. So ordered." Kohler v. Derderian, 187 F.Supp. 173, 175, 177 (D.C., 1960).

This case is distinguished from Knight. v. Mewszel, decided this day, in that in Knight v. Mewszel, supra, the lower court did not dismiss the complaint and we hold that in the instant case the lower court was in error in dismissing the complaint of the plaintiffs. That the service was properly quashed does not void the complaint and does not prevent the plaintiff from making further attempts to effect a valid service upon the defendant within the time allowed by statute.

Since the complaint was incorrectly dismissed the action of the trial court in quashing the alleged service of process is affirmed, and the matter remanded to the trial court for further proceedings not inconsistent with this opinion.

STEVENS, C. J., and PORTER MURRY, Judge of Superior Court, concur.

NOTE: Judge FRANCIS J. DONOFRIO having requested that he be relieved from consideration of this matter, Judge PORTER MURRY was.called to sit in his stead and participate in the determination of this decision.