446 P.2d 950

**Ruth NOSAL, Appellant,**

v.

**Robert D. COLLETT and Jane Doe Collett, husband and wife, Appellees.**

**No. I CA–CIV 592.**

Court of Appeals of Arizona.

Nov. 14, 1968.

Rehearing Granted Dec. 16, 1968.
For Opinion on Rehearing, Dec. 16, 1968, see 8 Ariz.App. 571, 448 P.2d 415.

Otto H. Linsenmeyer and Gerald G. Eastman, Phoenix, for appellant.

Beer & Kalyna, by William F. Lee, Phoenix, for appellees.

MOLLOY, Judge

This appeal questions an order of the superior court quashing service of process and abating a personal injury action.

Ruth Nosal filed a complaint in superior court on October 21, 1965, alleging that she had sustained personal injuries and property damage as a result of a two-car collision on October 28, 1963. After the action was filed, plaintiff's counsel learned that the defendants had left the jurisdiction of the State of Arizona and were believed to be residing in the vicinity of San Diego, California. Plaintiff's counsel subsequently filed an affidavit stating on information and belief that substituted service would be necessary.

Copies of the summons and complaint were thereafter served upon the Superintendent of Motor Vehicles and copies were sent by registered mail to the defendants. Plaintiff's counsel filed an affidavit of service on February 15, 1966, indicating that the summons and complaint had been mailed to the defendants on October 29, 1965. Attached postal receipts indicated that these documents had been received by the defendants on November 16 and November 24, 1965, respectively.

Defendants filed an answer on July 19, 1966, fully answering the complaint and setting up as a final defense lack of jurisdiction over their persons by reason of " * * * insufficiency of service of process * * *." On November 16, 1966, the defendants filed a motion to quash service of process, and to abate the action, pointing out that the affidavit of service which was filed by counsel for the plaintiff failed to state that notice of service on the Superintendent of Motor Vehicles was included in the service on the defendants by registered mail. A.R.S. § 28–503 provides:

"A. Service of process under § 28–502 shall be made by leaving a copy of the summons and complaint and a fee of two dollars with the vehicle superintendent, or in his office during office hours, and shall be deemed sufficient service upon the nonresident if either of the following are complied with:

"1. The plaintiff forthwith *sends notice of such service* and a copy of the summons and complaint by registered mail to the nonresident defendant, appends defendant's return receipt and *plaintiff's affidavit of compliance* with this section and § 28–502 to the original summons and files them with the court within such time as the court allows. (Emphasis added) * * *"

The defendants did not deny receiving notice of service on the Superintendent of Motor Vehicles, but contended only that

the affidavit failed to state that the notice had been mailed. The plaintiff admitted the defect in the affidavit, in her response, and filed a supplementary affidavit on November 21, 1966, wherein it was asserted, on information and belief of plaintiff's counsel, that notice of service had in fact been included in the service by registered mail.

The court granted the motion quashing the service and abated the action. This appeal follows.

■ It has often been reiterated by appellate courts that "substitute" service is in derogation of the common law and that statutes and rules providing for such must be strictly construed. See, e. g., Stinson v. Johnson, 3 Ariz.App. 320, 414 P.2d 169 (1966). With this statement, we have no fundamental quarrel. However, there must be a limit to strictness, and in our view the construction given to the subject statute is too formalistic to be approved.

■ In construing any statute, the purpose of the statute must be kept in mind. We are dealing here with the statute providing for notice to a defendant of a pending civil action. Any such notice must meet certain constitutional requirements:

"* * * to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865, 873 (1950).

The sole remission of plaintiff's counsel, as to establishing service, was not stating in his original affidavit that he had included in the material sent to the defendants a notice of service upon the Superintendent of Motor Vehicles. Insofar as apprising the defendants of the pendency of this action, the remission is insignificant.

If the failure to include such a statement in the affidavit of service was critical, see 1 Barron and Holtzoff, Federal Practice and Procedure § 185, at 745, then we believe the affidavit on information and belief of the plaintiff's counsel that this notice was included in the material mailed to the defendants is sufficient to cure the defect.

Rule 4(i) provides:

"At any time in its discretion and upon such terms as it deems just, the court may allow any process or proof of service thereof to be amended, unless it clearly appears that material prejudice would result to the substantial rights of the party against whom the process issued."

16 A.R.S., R.Civ.P.

In the case at bar, the defect in the affidavit of service was not directly called to the attention of plaintiff's counsel until over a year after the purported service was made. At this time, those persons who performed the act of mailing could hardly have a clear recollection of what occurred. Filing an affidavit on information and believe, under these circumstances, is refreshingly truthful and we do not believe that the affidavit, in the absence of any controverting affidavit, must be discounted. See Bucholz v. Hutton, 153 F. Supp. 62 (D.Mont.1957). We see no actual prejudice to the defendants by the allowance of such amendment to the proof of service, and a refusal to accept the amendment would be an abuse of discretion. 1 Barron and Holtzoff, Federal Practice and Procedure § 186, at 748; 2 Moore's Federal Practice ¶ 4.44 (2d Ed. 1962). See Burdick v. Powell Bros. Truck Lines, 1 F.R.D. 220 (N.D.Ill.1940); M. Lowenstein & Sons v. American Underwear Mfg. Co., 11 F.R.D. 172 (E.D.Pa. 1951); and United States v. A. H. Fischer Lumber Co., 162 F.2d 872 (4th Cir. 1947).

Accordingly, the judgment below is reversed and the cause remanded for further proceedings not inconsistent herewith.

KRUCKER, J., concurs.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

HATHAWAY, Chief Judge (dissenting).

Actual notice, alone, is insufficient to vest jurisdiction in the court, Stinson v. Johnson, 3 Ariz.App. 320, 414 P.2d 169 (1966). The trial court properly concluded from the face of the affidavit that service was incomplete. This jurisdictional finding is controlled by and must yield to the return of service as it appears of record, Austin v. Smith, 114 U.S.App.D.C. 97, 312 F.2d 337 (1962); Powell v. Turpin, 224 N.C. 67, 29 S.E.2d 26 (1944).

Quashal of service was upheld in Dusminski v. Ladenheim, 43 F.Supp. 139 (E. D.N.Y.1942), in a very similar situation, where the court stated:

" * * * the affidavit of service does not indicate that the statute was literally complied with * * * that is, notice of such service (i. e. service upon the secretary of state) was not sent to the defendant by registered mail, with a copy of the pleadings and process."

43 F.Supp. at 140.

In Kohler v. Derderian, 187 F.Supp. 173 (S.D.N.Y.1960), the court quoting in part from Dusminski v. Ladenheim, supra, stated:

" 'It is not for this court to decide that the omission of the notice was unimportant, since the terms of the statute explicitly require that it be given.' "

The court granted the motion to quash service on the basis of noncompliance with the statute.

The supplementary affidavit, given on information and belief, was ineffective to supplement the substantive deficiencies of the former affidavit of service, Miller v. Corning Glass Works, 102 Ariz. 326, 429 P.2d 438 (1967).

For the foregoing reasons, I believe the ruling of the trial court should be upheld.